FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2013 MAY -1   PH 4: 03

CLERK
AT

BY_____

| | | |
|---|---|---|
| JEFFREY B. MOULD<br>1 East Indian Street<br>Fenwick Island, Delaware 19944 | * | |
| | * | |
| Plaintiff | * | |
| | * | CASE NO. **JKB 13 CV 1305** |
| v. | * | |
| | * | |
| NJG FOOD SERVICE, INC.<br>d/b/a THE CRAB BAG<br>13005 Coastal Highway<br>Ocean City, Maryland 21842<br>    SERVE ON:<br>    Nolen J. Graves<br>    11615 ½ Coastal Highway<br>    Ocean City, Maryland 21842 | * | |
| and | * | |
| OC CRABBAG, LLC<br>11615 ½ Coastal Highway<br>Ocean City, Maryland 21842<br>    SERVE ON:<br>    Nolen J. Graves<br>    11615 ½ Coastal Highway<br>    Ocean City, Maryland 21842 | * | |
| and | * | |
| NOLEN J. GRAVES<br>11615 ½ Coastal Highway<br>Ocean City, Maryland 21842 | * | |
| and | * | |
| ALBERT LEVY<br>11615 ½ Coastal Highway<br>Ocean City, Maryland 21842 | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff Jeffrey B. Mould ("Plaintiff" or "Mr. Mould"), by and through undersigned counsel, hereby files this Complaint against Defendants NJG Food Service, Inc. d/b/a The Crab Bag ("The Crab Bag"), OC Crabbag, LLC ("OC Crabbag"), Nolen J. Graves ("Mr. Graves"), and Albert Levy ("Mr. Levy") (collectively referred to as "Defendants"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); Maryland Wage & Hour Law, Md. Code Ann., Labor & Employment §§ 3-401 *et seq.* ("MWHL"); Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment §§ 3-503 *et seq.* ("MWPCL"); the Internal Revenue Code 29 U.S.C. § 7434 ("IRC"); conversion; and unjust enrichment and states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.  This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.

2.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b).

### PARTIES

3.    Plaintiff Jeffrey B. Mould has been employed as a server at The Crab Bag since February 13, 2011.  Plaintiff is a resident of the State of Delaware.

4.    Defendant NJG Food Service, Inc. d/b/a The Crab Bag is a corporation formed under the laws of, and with its principal place of business in, the State of Maryland.

5.    Defendant OC Crabbag, LLC is a corporation formed under the laws of, and with its principal place of business in, the State of Maryland.

6.      Defendant OC Crabbag, LLC and Defendant NJG Food Service, Inc. are a single enterprise and/or joint employer as it pertains to the Plaintiff.

7.      Defendant Nolen J. Graves is, on information and belief, the co-owner of The Crab Bag and a resident of the State of Maryland.

8.      Defendant Albert Levy is, on information and belief, a co-owner of The Crab Bag and a resident of the State of Maryland.

9.      At all times relevant, Mr. Mould has been an "employee" of Defendants for purposes of the FLSA, MWHL, and MWPCL.

10.     At all times relevant, Defendants were Mr. Mould's "employer" for purposes of the FLSA, MWHL, and MWPCL.

11.     At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Mr. Mould was an employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS COMMON TO ALL COUNTS

12.     Mr. Mould was hired as a server at The Crab Bag on February 13, 2011.  Mr. Mould is paid an hourly wage of $3.63.

13.     The FLSA, related Federal Regulations, and Maryland wage and hour laws permit an employer to utilize a tip credit to bring a tipped employee up to minimum wage, currently $7.25 per hour, provided that, among other things, the employer properly notifies the employee of its use of the tip credit, the employee's hourly wage and tips actually received equal at least minimum wage, and the employee retains all tips, with the exception of a valid tip pooling arrangement.

3

14.     Defendants utilize a tip credit with respect to Mr. Mould and have implemented a mandatory tip pooling arrangement for employees including Mr. Mould.  However, Defendants have violated the FLSA, related Federal Regulations, and Maryland wage and hour laws with respect to the application of such tip credit and the creation and application of the mandatory tip pool in the following ways:

   a.  Defendants never provided Mr. Mould and other employees with the required notice regarding the tip credit and its application, including without limitation, any notice regarding the applicable provisions of the FLSA and Maryland wage and hour laws, the amount of the tip credit, and Mr. Mould's rights under the FLSA and Maryland wage and hour laws;

   b.  Upon hiring, Defendants did not provide Mr. Mould and other employees with the required notice regarding the tip pool, including the required tip pool contribution amount and the specifics of its distribution amongst staff;

   c.  The tip pool mandates that servers contribute a certain A.M. (*ante meridiem –* before noon) percentage, which is 2.5% of net sales for the shift ("A.M. percentage") and a certain P.M. (*post meridiem –* after noon) percentage, which is 5% of net sales for the shift ("P.M. percentage").  These percentages are applied if there is a busboy or foodrunner present for any portion of the shift without any regard to the number of such employees that are present or the length of time such employees remain on the shift.  Further, even though the tip pool percentage is listed as either an A.M. or P.M. percentage, it does not apply to the actual time of day the server works/clocks in to work;

4

d. The server then makes a "drop" into the tip-out safe based on the mandatory A.M. and P.M. percentage calculated by Defendants;

e. The tip pool, to which only the servers contribute, is then distributed to various employees beyond just the busboys and foodrunners, many of whom do not customarily and regularly receive tips, including but not limited to, line cooks, steamers, employees at the raw bar, carryout cashiers, carryout cooks, and prep cooks, and, upon information and belief, members of management who qualify as an "employer" under the FLSA;

f. When Mr. Mould first began working at The Crab Bag, the tip-out sheet printed at the end of a shift indicated which types of staff were receiving the benefit of the tip-out divided amongst "kitchen," "busboy," "foodrunner," and "bar." Now, there is no indication regarding division amongst staff, but, regardless, during the entirety of Mr. Mould's employment the tip pool has been distributed to those employees who do not customarily and regularly receive tips, including for example, cooks, carryout staff, and management;

g. Employees were never notified regarding the specific tip pool procedures and application, just coerced into dropping certain amounts of their tips into the tip-out safe for distribution amongst staff and management at the mandate of Defendants;

h. The amount distributed may change at the direction and whim of Defendants. For example, Defendants use the tip pool to discipline employees and if unhappy with an employee's performance will unilaterally dock the employee amounts from the tip pool. Where the docked amounts ultimately end up is unknown. Defendants

have also, on occasion, unilaterally increased the amounts to be contributed to the tip pool by Mr. Mould and other servers without any explanation to or agreement by Mr. Mould and other employees;

i.  Defendants include mandatory service charges, which are not considered tips under the FLSA, related Federal Regulations, and Maryland wage and hour laws, in the tip pool contributions and the ultimate tip credit applied to Mr. Mould and other employees;

j.  Defendants coerce Mr. Mould and other employees into contributing amounts to the tip pool based on shortages and unpaid tabs, meals compensated by Defendants because they are either eaten and enjoyed by Defendants or eaten by another employee of The Crab Bag, and/or meals that are undercooked/overcooked, or otherwise objectionable by the customer.  Thus, Defendants force Mr. Mould and other employees to contribute monies out of their own pockets to the tip pool, where no tip has been received by the employee;

k.  Defendants coerce Mr. Mould and other employees to contribute amounts to the tip pool based on sales completely unrelated to food sales and upon which no tip is provided by customers—another out-of-pocket contribution to the tip pool.  For example, Mr. Mould and other servers are required to contribute an A.M. and P.M. percentage related to sales of goods, such as the sale of The Crab Bag t-shirts, which occur during their shifts;

l.  Defendants continually attempt to exert their influence and coercion to keep the exact nature and application of the tip pool secret and have repeatedly disciplined

employees, up to termination of employees, for questioning the legality of the tip pool and tip credit;

m. Defendants know and are aware of their violations of the applicable laws regarding tip pool and application of the tip credit, and, in fact, have taken efforts to conceal such violations. Defendants' violations of the applicable laws are willful and malicious.

15. Defendants have further willfully violated the FLSA, related Federal Regulations, and Maryland wage and hour laws through their failure to properly pay Mr. Mould and other employees for all overtime hours they have worked. In particular, Mr. Mould regularly works in excess of forty (40) hours per week. Defendants have not paid Mr. Mould additional compensation of, at least, the legally mandated rate. Specifically, Defendants pay Mr. Mould an overtime rate of $7.26 per hour, the minimum wage straight time hourly rate plus one cent. Defendants know and have been aware at all times that Mr. Mould regularly worked in excess of forty (40) hours per week, and yet failed to properly pay him for all overtime hours he worked.

16. Defendants have further willfully violated provisions of the IRC through their filing of fraudulent W2s with respect to payments purported to be made to Mr. Mould. Defendants do not permit Mr. Mould and other servers to report and claim their tips for tax purposes to Defendants. As a result, Defendants have fraudulently prepared W2s for Mr. Mould and other employees which drastically over-report wages in the form of tips received by Mr. Mould and other employees.

17.     In addition to the above violation of Federal and Maryland laws, Defendants' above actions constitute unlawful conversion as through such actions Defendants have improperly and intentionally diverted monies owned by Mr. Mould and other employees.

18.     Defendants' actions are intentional and their repeated failures to inform Mr. Mould and other employees of their rights pursuant to the various applicable statutes as required evidences the malicious nature of their actions.

19.     Further, in violation of federal and state laws, including without limitation, the FLSA and Maryland wage and hour laws, Defendants do not post employees' rights posters and/or provide any required notices to employees regarding their rights under such laws. These actions further demonstrate Defendants' willful, malicious, and knowing violations of the federal and state laws addressed herein.

## COUNT I
### (Violations of the FLSA – Minimum Wage)

20.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 19, as if fully set forth herein.

21.     Plaintiff is an "employee" covered by the FLSA, and Defendants are his "employer." Defendants, as Plaintiff's employer, were and are obligated to pay Plaintiff an hourly wage at least equal to that of the Federal minimum wage, $7.25 per hour ("Federal Minimum Wage").

22.     As set forth above, Defendants utilize a mandatory tip pool to which Plaintiff contributes after each shift. The mandatory tip pool implemented and enforced by Defendants violates, *inter alia*, the FLSA and related regulations (which include 29 U.S.C. §§ 203(m), 203(t), 206; 29 C.F.R. §§ 531.50 – 531.60). The mandatory tip pool is illegal because: (1) it includes employees, and, upon information and belief, members of management qualifying as

8

an "employee" under the FLSA, who do not customarily and regularly receive tips; (2) it does not allow Plaintiff to retain all tips received by him because Defendants' unlawful use of the tip pool; (3) the nature and application of the tip pool is neither explained nor agreed to by Plaintiff and other employees contributing to the tip pool; (4) Plaintiff is required to contribute monies to the tip pool that are not considered "tips" under the FLSA and related regulations; and (5) Defendants have failed to notify Plaintiff and other employees of their legal rights with respect to their tips and the tip pool.

23.     As set forth above, Defendants apply a tip credit to bring Plaintiff's wages up to the Federal Minimum Wage. Defendants have violated the FLSA and related regulations (29 U.S.C. §§ 203(m), 203(t), 206; 29 C.F.R. §§ 531.50 – 531.60, *inter alia*) with respect to the use and application of the tip credit for the reasons set forth in Paragraph 21 above, and, additionally, Defendants failed to provide Plaintiff and other employees with the required notice regarding their use and application of the tip credit (*see* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b)); all tips received by Plaintiff are not retained by him; and amounts that do not qualify as "tips" under the FLSA and related regulations are counted as a tip received in applying the tip credit to Plaintiff and other employees.

24.     Based on Defendant's violations of the tip pooling and tip credit provisions of the FLSA and related regulations, the "tip credit," as set forth in 29 U.S.C. §§ 203(m) and (t) was not available to Defendants. Therefore, Defendants paid Plaintiff only $3.63 per hour, substantially below the Federal Minimum Wage for all hours worked. Defendants' failure and refusal to pay Plaintiff the Federal Minimum Wage for all hours worked violates, *inter alia*, 29 U.S.C. §§ 206(a) and 215(a)(2). Unpaid wages are, therefore, due and owing to Plaintiff.

25.     Defendants' failure and refusal to pay the Federal Minimum Wage was willful and malicious.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for violations of the FLSA's minimum wage requirements;

(b) Award Plaintiff his unpaid minimum wages and the amounts unlawfully contributed to the tip pool, in an amount to be shown at trial;

(c) Award Plaintiff an additional equal amount as liquidated damages;

(d) Award Plaintiff pre- and post-judgment interest at the legal rate;

(e) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Defendants from future violations of the tip pooling, tip credit, and minimum wage provisions of the FLSA; and

(g) Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT II
### (Violation of Maryland Wage & Hour Law – Minimum Wage)

26.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 25, as if fully set forth herein.

27.     Plaintiff is an "employee" and Defendants are an "employer" covered by the MWHL. Pursuant to the minimum wage provisions of the MWHL, Defendants were and are obligated to pay Plaintiff an hourly wage at least equal to that required by the MWHL, $7.25 per hour ("Maryland Minimum Wage"). Md. Code Ann., Labor & Employment § 3-413.

28.     As set forth above, Defendants, by their conduct, were and are not entitled to apply a "tip credit" to Plaintiff's wages. Defendants further violated the MWHL through their failure to properly inform Plaintiff of the applicable sections of the MWHL and through their

10

actions, which have prevented Plaintiff from retaining all tips received by him.  Md. Code Ann., Labor & Employment § 3-419.

29.     Thus, Defendants have paid Plaintiff only $3.63 per hour, substantially below the Maryland Minimum Wage for all hours worked.  Defendants' failures and refusals to pay Plaintiff the Maryland Minimum Wage for all hours worked violates the MWHL, § 3-413. Unpaid wages are, therefore, due and owing to Plaintiff.

30.     Defendants' failure and refusal to pay the Maryland Minimum Wage was willful, intentional, and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for violations of the MWHL's minimum wage requirements;

(b) Award Plaintiff his unpaid minimum wages and the amounts unlawfully contributed to the tip pool, in an amount to be shown at trial;

(c) Award Plaintiff liquidated damages as provided under Maryland law;

(d) Award Plaintiff pre- and post-judgment interest at the legal rate;

(e) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Defendants from future violations of the tip pooling, tip credit, and minimum wage provisions of the MWHL; and

(g) Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT III
### (Violations of Maryland Wage Payment & Collection Law – Unlawful Deductions)

31.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 30, as if fully set forth herein.

32.    Plaintiff is an "employee" and Defendants are Plaintiff's "employer" within the meaning of MWPCL.  Pursuant to Section 3-503 of the MWPCL, Defendants are proscribed from making deductions from Plaintiff's wages unless statutorily authorized.  Tips and gratuities are "wages" under the MWPCL.  Specifically, Section 3-503 provides that an employer may not make a deduction from a wage of an employee unless: (1) ordered by a court of competent jurisdiction; (2) authorized expressly in writing by the employee; (3) allowed by the Commissioner because the employee has received full consideration for the deduction; or (4) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit.  Defendants failed to comply with any of the four criteria for deducting Plaintiff's wages.

33.    As set forth above, Defendants knowingly deducted and withheld portions of Plaintiff's wages without written authority, without proper notice, and in violation of Federal and Maryland law.  Specifically, through the improper tip pooling and tip credit arrangements, Defendants deliberately and unlawfully diverted significant portions of Plaintiff's tips to Defendants' own benefits and the benefits of others; forced Plaintiff to contribute wages to the tip pool that were improperly included; and unlawfully utilized a tip credit as an excuse to pay Plaintiff less than the Federal and Maryland Minimum Wage.  Defendants' actions, therefore, constitute unlawful and unauthorized deductions from Plaintiff's wages in violation of Section 3-503 of the MWPCL.  Unlawfully deducted wages are, therefore, due and owing to Plaintiff.

34.    Defendants' unlawful deduction of Plaintiff's wages was not the result of any bona fide dispute.

WHEREFORE, Plaintiff respectfully requests that this Court:

12

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for improperly deducting wages in violation of the MWPCL;

(b) Award Plaintiff an amount equal to three times the improperly deducted wages, in an amount to be shown at trial;

(c) Award Plaintiff pre- and post-judgment interest at the legal rate;

(d) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(e) Enter an Order enjoining Defendants from future violations of the wage provisions of the MWPCL; and

(f) Award Plaintiff any other relief this Court or a jury deems appropriate.

### COUNT IV
### (Violations of the FLSA – Overtime)

35.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 34, as if fully set forth herein.

36.     Plaintiff is an "employee" and Defendants are his "employer" covered under Section 207(a) of the FLSA.

37.     As set forth above, the "tip credit," as set forth in 29 U.S.C. §§ 203(m) and (t), was not available to Defendants.  Without the benefit of the tip credit, Defendants failed to pay Plaintiff the proper overtime rate for hours worked in excess of forty (40) hours, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2).

38.     Further, even if Defendants had the benefit of the "tip credit," they still violated the overtime provisions of the FLSA as they pay Plaintiff $7.26 per hour for each hour worked in excess of forty (40) hours in a workweek; well below the required one and one-half times (1.5x) Plaintiff's regular rate of pay, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2).  Overtime pay is, therefore, due and owing to Plaintiff.

39.    Defendants' failure to pay Plaintiff one and one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for violations of the FLSA's overtime requirements;

(b) Award Plaintiff his unpaid overtime wages, in an amount to be shown at trial;

(c) Award Plaintiff an additional equal amount as liquidated damages;

(d) Award Plaintiff pre- and post-judgment interest at the legal rate;

(e) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining Defendants from future violations of the overtime wage provisions of the FLSA; and

(g) Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT V
### (Violation of Maryland Wage & Hour Law – Overtime)

40.    Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39, as if fully set forth herein.

41.    Plaintiff is an "employee" and Defendants are Plaintiff's "employer" within the meaning of MWHL. As the Plaintiff's employer, Defendants were obligated to pay Plaintiff for overtime hours worked, as provided by Sections 3-415 and 3-420 of the MWHL. Pursuant to such Sections, Defendants are required to pay Plaintiff at the rate of one and one-half times (1.5x) his regular rate of pay for all hours worked in excess of forty (40) in any given workweek.

42.    As set forth above, the "tip credit" was not available to Defendants. Without the benefit of the tip credit, Defendants failed to pay Plaintiff the proper overtime rate for hours worked in excess of forty (40) hours, in violation of Md. Code Ann., Labor & Employment §§ 3-415 and 3-420.

43.    Further, even if Defendants had the benefit of the "tip credit," they have still violated the overtime provisions of the MWHL as they pay Plaintiff $7.26 per hour for each hour worked in excess of forty (40) hours in a workweek; well below the required one and one-half times (1.5x) Plaintiff's regular rate of pay, in violation of Md. Code Ann., Labor & Employment §§ 3-415 and 3-420. Overtime pay is, therefore, due and owing to Plaintiff.

44.    Defendants' failure to pay Plaintiff one and one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for violations of the MWHL's overtime requirements;

(b) Award Plaintiff his unpaid overtime wages, in an amount to be shown at trial;

(c) Award Plaintiff pre- and post-judgment interest at the legal rate;

(d) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(e) Enter an Order enjoining Defendants from future violations of the overtime wage provisions of the MWHL; and

(f) Award Plaintiff any other relief this Court or a jury deems appropriate.

15

### COUNT VI
### (Violation of Maryland Wage Payment and Collection Law – Overtime)

45.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 44, as if fully set forth herein.

46.     Plaintiff is an "employee" and Defendants are Plaintiff's "employer" within the meaning of MWPCL. As the Plaintiff's employer, Defendants were obligated to pay Plaintiff all wages he is due, as provided in the MWPCL, § 3-501 *et seq*.

47.     Plaintiff is entitled to be paid one and one-half times (1.5x) his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a), the failure to pay said wages constituting a violation of 29 U.S.C. § 215(a)(2).

48.     Defendants have failed to pay Plaintiff one and one-half times (1.5x) his regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and MWHL. Defendants have, therefore, failed to pay Plaintiff for all earned wages from the date he was first employed, February 13, 2011 through and including the present, in violation of Md. Code Ann., Labor & Employment § 3-502. Overtime pay is, therefore, due and owing to Plaintiff pursuant to Md. Code Ann., Labor & Employment § 3-507.2.

49.     The wages withheld from Plaintiff were not the result of any bona fide dispute.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for improperly withholding wages in violation of the MWPCL;

(b) Award Plaintiff an amount equal to three times his unpaid overtime wages, in an amount to be shown at trial;

(c) Award Plaintiff pre- and post-judgment interest at the legal rate;

(d) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(e) Enter an Order enjoining Defendants from future violations of the wage provisions of the MWPCL; and

(f) Award Plaintiff any other relief this Court or a jury deems appropriate.

### COUNT VII
### (Violations of the Internal Revenue Code)

50.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 49, as if fully set forth herein.

51.     Defendants do not permit Plaintiff and other servers to report their tips to Defendants for tax purposes. Plaintiff and other servers clock out via a DIGITAL DINING™ computer system at the end of each shift. Through the DIGITAL DINING™ system, a screen appears requesting Plaintiff and other employees to declare tips. As of December 2011, Defendants informed Plaintiff and the other servers that they must enter $0 and proceed. Bartenders are permitted to claim their tips via the DIGITAL DINING™ system.

52.     As a result of Defendants' mandate that Plaintiff claim $0 as his tips, Defendants willfully and fraudulent over-reported tips earned by Plaintiff on his 2012 W2 by approximately $10,000.00. Defendants' actions are willful and fraudulent, as they know the servers are earning tips, but mandate that the servers enter $0 at the end of their shifts. Defendants' actions, including without limitation, their mandate that servers not claim their tips, but bartenders may do so, also demonstrate Defendants' deceitfulness and bad faith in preparing and filing Plaintiff's 2012 W2.

53.     Section 7434 of the Internal Revenue Code provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). A W2 is an "information return" pursuant to 26 U.S.C. §

6724(d)(1)(A)(vii). Defendants willfully filed a fraudulent information return with respect to payments purported to be made to Plaintiff.

54.    Based on Defendants' willful and fraudulent filing of Plaintiff's W2 they are liable to Plaintiff in an amount equal to the greater of $5,000 or the sum of any actual damages sustained by Plaintiff as a result of such filing, the costs of this action, and reasonable attorneys' fees. 26 U.S.C. § 7434(b).

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for willfully and fraudulently filing Plaintiff's 2012 W2, in violation of the IRC;

(b) Award Plaintiff the greater of $5,000 or the sum of any actual damages sustained by Plaintiff as a result of Defendants' violations of the IRC;

(c) Award Plaintiff pre- and post-judgment interest at the legal rate;

(d) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action; and

(e) Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT VIII
### (Conversion)

55.    Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 54, as if fully set forth herein.

56.    Defendants knowingly and purposely took and interfered with Plaintiff's personal property, *viz.*, the gratuities held in the "tip pool," which monies Plaintiff either possessed or to which he had an immediate right of possession. Specifically, Defendants improperly and intentionally diverted a portion of the "tip pool" to compensate employees who do not customarily and regularly receive tips, including members of management, at Plaintiff's expense.

57.     Defendants further knowingly and purposefully took and interfered with Plaintiff's personal property interest in monies, which Plaintiff either possessed or had an immediate right of possession through Defendants' requirement that Plaintiff contribute out-of-pocket funds to the "tip pool," related to sales upon which no tip was provided.

58.     Defendants did not have permission or justification for their taking of such monies and exercised dominion and control over such monies.

59.     Defendants have unlawfully withheld the monies from Plaintiff and have benefitted from their actions to the detriment of Plaintiff.

60.     Defendants' actions were done with intent and actual malice, without justification, and were not taken in good faith.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for conversion of Plaintiff's property;

(b) Award Plaintiff the value of the converted property, in an amount to be shown at trial;

(c) Award Plaintiff punitive damages in an amount to be determined by the jury;

(d) Award Plaintiff pre- and post-judgment interest at the legal rate;

(e) Award Plaintiff his costs and reasonable attorneys' fees incurred in bringing this action; and

(f) Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT IX
### (Unjust Enrichment)

61.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 60, as if fully set forth herein.

62.     Defendants' requirement that Plaintiff contribute monies for unlawful inclusion in the "tip pool" conferred a benefit upon Defendants, as Defendants, upon information and belief, retained such monies, at least in part, and used the remainder to pay other employees' wages.

63.     Defendants appreciate and know of the benefit conferred upon them by coercing Plaintiff to contribute monies, otherwise owned by him, to the "tip pool."

64.     Defendants have accepted and retained the benefit of the monies they unlawfully required and continue to require Plaintiff to contribute to the "tip pool." Defendants' wrongful acceptance and retention of such monies makes it inequitable for them to retain the benefit of such monies without return of such monies to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for unjust enrichment;

(b) Award Plaintiff damages in the form of the monies he has contributed to the "tip pool" from February 13, 2011 through and including present, in an amount to be shown at trial;

(c) Award Plaintiff pre- and post-judgment interest at the legal rate;

(d) Award Plaintiff his costs and reasonable attorneys' fees in bringing this action; and

(e) Award Plaintiff any other relief this Court or a jury deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues trial to a jury as a matter of right.

Respectfully submitted,

Francis R. Laws (Bar No. 02596)
flaws@tandllaw.com
Julia A. Carolan (Bar No. 28461)
jcarolan@tandllaw.com
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202-1053
Telephone:  (410) 752-2468
Facsimile:  (410) 752-0979

*Attorneys for Plaintiff Jeffrey B. Mould*