IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **JEFFREY B. MOULD** | * | |
| **Plaintiff** | * | |
| v. | * | CASE NO. 1:13-cv-01305-JKB |
| **NJG FOOD SERVICE, INC., et al.** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

### I.   INTRODUCTION

On May 1, 2013, Plaintiff Jeffrey B. Mould ("Plaintiff" or "Mr. Mould") filed the Complaint in this action alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); Maryland Wage & Hour Law, Md. Code Ann., Labor & Employment §§ 3-401 *et seq.* ("MWHL"); Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment §§ 3-503 *et seq.* ("MWPCL"); the Internal Revenue Code 29 U.S.C. § 7434 ("IRC"); conversion; and unjust enrichment.  On June 5, 2013, Defendants answered the Complaint.

On June 23, 2013, after Mr. Mould met with several employees to inform them that he filed this lawsuit and that Defendants' pay practices were illegal, Defendant Levy informed Mr. Mould that he was being "suspended indefinitely."  On June 27, 2013 Defendant Levy sent Mr. Mould an email stating that he was "now terminated."  Mr. Mould's termination of employment was in retaliation for his engaging in protected activities and constitutes a wrongful discharge under Maryland law.  Accordingly, Mr. Mould seeks leave to amend his Complaint to add these

new counts.  A copy of the proposed First Amended Complaint in clean and redlined forms is attached hereto as **EXHIBIT 1**.

## II.     ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that if an amendment is sought more than 21 days after service of a responsive pleading, then a party may only amend its pleading with the opposing party's written consent or the court's leave.  FED. R. CIV. P. 15(a)(2).  Rule 15(a)(2) further provides that the court should "freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Further, in the Fourth Circuit it is well-settled that "this mandate is to be heeded" and "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

No prejudice inures to the Defendants in amending the Complaint at this point.  Discovery has not yet begun and the Scheduling Order has not yet been set.  In a telephone discussion with counsel for Defendants, during which revisions to the discovery schedule were discussed, Plaintiff's counsel advised Defendants' counsel that amendments would be sought based on Mr. Mould's termination.  The proposed revisions to the scheduling order sent by Counsel for Defendants on June 28 contemplated the addition of these amendments.

Plaintiff attempted twice to obtain Defendants' consent to this request for relief.  Defendants' counsel stated that he needed to consult with his client before responding.  As of the filing of this Motion, Defendants' counsel has not been able to provide a response.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that leave to file the attached amended pleading be granted.

          Respectfully submitted,

          /s/
          Francis R. Laws (Bar. No. 02596)
          flaws@tandllaw.com
          Julia A. Carolan (Bar No. 28461)
          jcarolan@tandllaw.com
          THOMAS & LIBOWITZ, P.A.
          100 Light Street, Suite 1100
          Baltimore, Maryland 21202-1053
          Phone: (410) 752-2468
          Fax:   (410) 752-0979

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 1st day of July 2013.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

          /s/
          Francis R. Laws