IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Jeffrey B. Mould, et al.** | * | |
|     **Plaintiffs** | * | |
| v. | * | Case No. 13-cv-1305 (JKB) |
| **NJG Food Service, Inc., et al.** | * | |
|     **Defendants** | * | |

_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendant NJG Food Service, Inc. file this Motion for a Protective Order for the reasons set forth herein:

**I.      Standard of Review**

Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") provides that, upon a showing of good cause, "the court in the district where [a] deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

In order to establish good cause, a proponent may not rely upon conclusory statements but must present a particular and specific demonstration of fact as to why a protective order should issue.  Baron Financial Corp. v. Natanzon, 240 F.R.D. 200, 202 (D. Md. 2006).

Federal Rule of Civil Procedure 30(b)(6) explicitly requires a corporation to have persons testify on its behalf as to all matters known or reasonably available to it, and therefore, there is an implicit requirement that such persons review all matters known or reasonably available, in order to prepare for the Rule 30(b)(6) deposition.  Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126, 127-28 (D. Md. 2002) (Bredar, J.).  Sanctions may issue for an unprepared witness.  See id.

However, the corporate deponent is not the only party with obligations pursuant to Rule 30(b)(6).  See Murphy v. Kmart Corp., 255 F.R.D. 497, 504 (D. S.D. 2009).  The plain language of Rule 30(b)(6) clearly states that the party requesting the deposition must describe with "reasonable specificity" the topics to be discussed.  See id. at 505.  " '[T]o allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.' "  Id. (quoting Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000)).  The burden is on the party requesting the deposition to satisfy the "reasonable particularity" standard of Rule 30(b)(6).  Id.  An overbroad 30(b)(6) notice subjects the noticed party to an impossible task, because in order to avoid liability for presenting an unprepared witness, Paul Revere Life Ins. Co., supra, the noticed party must designate persons knowledgeable in each of the topics.  Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000).  However, where a noticed party cannot identify the outer limits of the areas of inquiry, compliant designation is not feasible.  Id.

Motions for protective orders may object to the timing and/or extent of the 30(b)(6) depositions.  Wilson v. Lakner, 228 F.R.D. 524, 530 (D. Md. 2005).

**II.     Argument**

This is a case arising under Federal Fair Labor Standards Act, 29 U.S.C. § 216(b) against a relatively small restaurant in Ocean City, Maryland.  The Plaintiff, a restaurant server, complains that he was forced to participate in an illegal tip pool operation, and as a result, he is owed additional minimum wage payments as well as recalculated overtime amounts.  Plaintiff has also made clear that he intends to seek damages for what he claims was a retaliatory discharge.

As part of his aggressive prosecution of this case, Plaintiff served on Defendant NJG Food Service, Inc. (the "Company") a corporate designee deposition notice, seeking the Company's testimony concerning forty-three (43) topics.  (Exh. 1).

Leaving aside the sheer number of topics, the Company contends that at least 14 of these topics are not reasonably specific (Exh 2), or are irrelevant to Plaintiff's individual FLSA claims, or are overly burdensome, and objects to the following topics:

**Topic 2**: "The facts upon which you rely in denying each and any of the allegations of the Complaint in and asserting your defenses."

**Defendant's Argument**:  This topic is not reasonably specific (especially depending upon how the questions are framed during the course of the deposition).  This topic conceivably covers everything and anything having to do with Plaintiff's lawsuit (and proposed amendment).

**Topic 6**: "Testimony related to and specific to entries on any financial information requested in Plaintiff's Request for Production of Documents, *including without limitation*, your general ledger reflecting debits and credits, financial statements, and/or balance sheets prepared by or for you, and your federal, state, and any local tax returns (including all attachments and schedules)." (italics added)

**Defendant's Argument**:  This topic is neither reasonably specific, as it designates practically every conceivable financial document involving Defendant's operations, nor relevant.  For example, the Plaintiff need not prove, in any part of his case, what the debits and credits were of Defendants' general ledger.  Because there is no need for it, preparing for this topic would necessarily be unnecessarily burdensome.  Defendant would be required to designate someone who is prepared to testify as to all aspects of their finances, including their taxes.

**Topic 8**: "All communications between you and any third-party, including employees, regarding Plaintiff following the filing of this lawsuit on May 1, 2013."

**Defendant's Argument**: This topic is not reasonably specific. Communications regarding the Plaintiff involving what? Defendant cannot possibly prepare a designee(s) to testify as to every possible conversation concerning scheduling, work assignments, and the like.

**Topic 11**: "Testimony regarding tips paid and/or owed to Plaintiff."

**Defendant's Argument:** This topic is not reasonably specific. What exactly about tips does Plaintiff seek? Defendant did not pay any tips to Plaintiff and certainly does not owe any tips to Plaintiff. Is Plaintiff looking for a history of the tips that he has received per date? Is Plaintiff looking for Defendant's record of the total amount in a week? Month? Year?

**Topic 22**: "Testimony pertaining to any position you have taken or intend to take in this case."

**Defendant's Argument:** This topic is not reasonably specific. While a witness may be prepared to testify that Plaintiff was fired for sexual harassment (allegations of which Plaintiff refused to personally defend himself), this topic requires a corporate designee(s) to forecast what positions that the corporation may take as to evidence that may later become available or to pure legal issues.

**Topic 24**: "Testimony pertaining to any and all documents referring or relating to, or constituting, reports or reflections of time worked by employees, tips paid by or withheld from employees, receipt of tip income, directly or indirectly, by anyone associated with NJG, and any payroll reports from January 1, 2010 to the present."

**Defendant's Argument:** This topic is not reasonably specific (the use of the term "pertaining" greatly expands its scope) and it is also burdensome and designed to harass the

4

Defendant.  First, this topic has nearly unlimited breadth.  It would conceivably require Defendant to prepare a witness to testify *not just as to the Plaintiff's employment circumstances, but* as to each and every document involving tips and hours worked.  Moreover, Plaintiff's entire "look back" period is to May 1, 2010, so it is overbroad on its face.

**Topic 26**:  "Testimony pertaining to the termination of any employee from January 1, 2010, to the present, including reason for termination, the management representatives involved in the termination decision, the identity of the employee terminated, and the dates of each terminated employee's employment."

**Defendant's Argument**:  This topic is not reasonably specific, insofar as it would require the Defendant to designate a witness(s) to testify as to literally all of the circumstances for each and every termination of an employee dating back more than 3 years, *even though those terminations may have been voluntary, and have nothing to do at all with Plaintiff or Defendant's justification for terminating Plaintiff*.  Moreover, this information is sensitive personal information and generally maintained in a confidential manner.

**Topic 27**:  "Testimony regarding the identity (i.e., full name, address, and contact information) of every employee who worked for the Crab Bag but who no longer works for the restaurant from January 1, 2010 to the present."

**Defendant's Argument**:  This topic is overly broad, and therefore burdensome, insofar as Plaintiff only began working for Defendant in February 2011.  Therefore, producing the identities of persons who worked in 2010 is not relevant nor reasonably calculated to lead to any admissible evidence in this individual FLSA claim.

**Topic 30**:  "Testimony pertaining to any back wages owed to Plaintiff as a result of a failure to comply with the provisions of federal and/or state law pertaining to wages."

5

**Defendant's Argument**:  This topic is not reasonably specific or particularized.  Is the Plaintiff looking for details of wages paid?  Hour worked?  On a weekly basis?  Monthly basis?  Yearly basis?  Does the topic also require testimony as to Defendant's compliance with wage/hour law?  The topic appears to assume the notion that Defendant is liable in this case.

**Topic 31**: "Testimony pertaining to any back wages owed to any other employee as the result of a failure to comply with the provisions of federal and/or state law pertaining to wages."

**Defendant's Argument**:  This topic is neither reasonably specific, see objection to topic 30, nor relevant.  Plaintiff's case is an individual FLSA action; it is not necessary for him to prove what other employees are allegedly owed, in order to establish FLSA liability as to his own claim.

**Topic 35**:  "Testimony relating specifically and in detail how tips were handled from January 1, 2010 to the present, identifying [i] for *each day* the restaurant was open, [ii] each person who received tips from customers, how much was received *each day* by each such person, [iii] how much of what each person received *each day* in tips was contributed to the tip pool, [iv] to whom tip pool contributions were distributed each day, and [v] how much from the tip pool was received by each person *each day*."  (Italics and alterations added).

**Defendant's Argument**: This topic is unreasonably burdensome and not relevant nor reasonably likely to lead admissible evidence in this case.  Plaintiff's case is an individual FLSA action; it is not necessary for him to prove what other employees are allegedly owed, in order to establish FLSA liability as to his own claim.  Moreover, there are scores of employees who have worked and are presenting working for Defendant (45 servers currently), and no designee(s) can reasonably be expected to testify as to what every single one of these individuals received in a period greater than 3 years.  (Exh. 3; Graves Affidavit).  Compliance with this topic alone could

require extensive sorting, reviewing, and calculating of records *not even relating to the Plaintiff but to other tipped employees*, and cost the Company nearly $270,000.00, in a wage case worth approximately $35,000.00.  (Exh. 3; Graves Affidavit).  The discovery is irrelevant, and to the extent that the Court perceives it having any marginal relevance, the burdens and costs vastly outweigh Plaintiff's need for this discovery in order to prove up his individual FLSA case.

**Topic 41**:  "All documents and/or things produced and/or offered for inspection by you."

**Defendant's Argument**:  On its face, this topic is not reasonably specific.  The topic provides no information as to what a witness would need to testify about/concerning these documents.  The Defendants have produced hundreds of pages of documents already; what exactly about these documents must Defendant be prepared to testify concerning?

**Topic 42**:  "Your claims and defenses in this matter."

**Defendant's Argument**:  On its face, this topic is not reasonably specific.  To allow this sort of topic would be to completely eliminate from Rule 30(b)(6) the reasonable specificity requirement.  The topic provides no information as to what a witness would need to testify about/concerning all of the claims and defenses asserted in this case.

**Topic 43**:  "Your Answer to the Complaint and any amendments thereto."

**Defendant's Argument**:  On its face, this topic is not reasonably specific.  This topic could conceivably cover practically anything having to do with this case whatsoever.  If this sort of topic was allowed under Rule 30(b)(6), a party would only need to note one topic.  This topic, along with topics 41 and 42, are essentially "catch-all" topics which are not generally permitted. Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000) (finding not reasonably specific topics that state "include but not limited to").  The topic provides no information as to what a witness would need to testify about/concerning the Answer to the Complaint "any amendments thereto."

7

**III.     Conclusion**

Defendant has now, on multiple occasions, attempted to work these matters out with Plaintiff, but to no avail. (Exh. 4; Certificate of Counsel). As to each of the above-listed topics, Defendant has demonstrated good cause for a Protective Order, and has demonstrated burden in a specific manner.

In multiple communications, Plaintiff has refused to revise, much less withdraw, a single topic. Defendant requests that the Court grant a Protective Order as to the above-referenced topics, with an order awarding its fees and costs in presenting this Motion.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st of August, 2013, a copy of the foregoing Defendants' Motion for Protective Order, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.