# HOWARD B. HOFFMAN, ESQUIRE
ATTORNEY AT LAW
600 JEFFERSON PLAZA
SUITE 304
ROCKVILLE, MARYLAND 20852
(301) 251-3752
FAX (301) 251-3753

June 29, 2013

**Via ECF Filing**

Hon. James K. Bredar
U.S. District Court for the D. Md.
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    Mould v. NJG Food Service, LLC
             JKB Case No. 13-1305

Dear Judge Bredar:

      I am writing on behalf of the Defendants, concerning issues involving Plaintiff's answers and responses to Defendants' written discovery (Interrogatories and Request for Production of Documents). (Exhs. 1 & 2). Defendants have waived a number of issues in the interest of compromise and limited space, but numerous issues remain between the parties. (Exhs. 3, 4, 5, 6, 7 & 8).

1.     Interrogatory No. 1: Defendants request the Plaintiff's residence/business addresses for the last 15 years and business/trade-names. We know from on-line reports that the Plaintiff operated some sort of technology business and that he was also convicted of felony fraud (and possibly was held in contempt of court). This evidence relates to, among other things, the issue of mitigation (self-employment opportunities).

2.     Interrogatory No. 5: In response to an Interrogatory seeking the identities of persons with knowledge, Plaintiff listed scores of persons who worked for Defendants. Defendants would like Plaintiff to specify which persons have knowledge concerning his termination.

3.     Interrogatory No. 11: We ask the Court to direct the Plaintiff to explain his method of calculating his damages due to his termination (i.e., is Plaintiff seeking tips and if so, how does he calculate lost tipped income).

4.     Interrogatory Nos. 12/18: We ask that the Plaintiff detail his communications with third persons concerning his lawsuit and his termination. Plaintiff objects on the basis of work product. (Exh. 3). We do not believe that the work product doctrine properly applies when a party speaks to a witness, even if it at the direction of his lawyer. See Khoshmukhamedov v. Potomac Elec. Power Co., AW 11-449, 2012 WL 1357705 *7-8 (D. Md. Apr. 17, 2012) (ordering disclosure of communications between party and "consultants" even though communications allegedly occurred at the direction of counsel). There is no privilege log.

Hon. James K. Bredar
U.S. District Court for the
District of Maryland
September 3, 2013
Page 2

5.  Request 4/5: The parties require the Court's intervention regarding the production of statements previously made. The Plaintiff has filed a charge with the National Labor Relations Board (NLRB). Certain documents are sensitive and relate to the on-going investigation, but it is nevertheless discoverable. Plaintiff will not commit to turning over his documentation following the conclusion of the NLRB's investigation, which Defendants propose. Defendants request that the Court resolve this matter.

6.  Request 14: Plaintiff indicates that he will be producing text messages at some date in the future. Defendants request that the Court set a date in which all responsive documents shall be produced along with a privilege log for withheld communications. See Interrog. 12/18, *supra*. (Plaintiff's deposition is currently scheduled for September 24, 2013).

7.  Request 29: An explanation concerning this Request requires a bit more background. This is a case against a restaurant in Ocean City, Maryland. After the restaurant noticed that Plaintiff, and other servers were underreporting their tipped income, the restaurant counted 10% of their gross non-tipped sales (non-tipped credit card and cash sales) as their tipped income.

   The Plaintiff in this case is a 43 year old experienced restaurant server. He brought a number of claims in this lawsuit, but one count arises under Internal Revenue Code (26 USC § 7434). That count, Count VII, alleges that Defendants willfully filed a fraudulent informational return relating to Plaintiff (in other words, Plaintiff claims that Defendants "willfully" and "fraudulent" over-reported his *tipped* income to taxing authorities). Plaintiff claims damages and seeks attorneys' fees and costs in relation to this claim. (ECF Doc. 1, Count VII). Another proposed Count seeks damages for retaliatory discharge.

   This request seeks the Plaintiff's tax returns with all attachments from 2007 through 2012. Defendants seek the tax returns of the Plaintiff to determine: (a) whether he filed his tax returns with the W-2 he claims is inflated (thereby providing Defendants with an estoppel defense); (b) whether Plaintiff *amended* his tax returns to reflect the wages/tips he claims that he claims he actually received; (c) whether Plaintiff was self-employed during the five previous years, including while serving at Defendant's restaurant, in order to explore Plaintiff's self-employment income and self-employment opportunities, which goes to the issue of mitigation of damages (Plaintiff has incorporated at least one technology business); (d) whether Plaintiff has received public assistance while under-reporting his tipped income, the applications of which may be signed under the penalties of perjury and thus constitute FRE 608(b) evidence (as well as provide a theory why Plaintiff might want to underreport his income); and (e) whether Plaintiff reported cash tips prior to working for Defendants (which if he did not, and he signed those returns under the penalties of perjury, may constitute FRE 608(b) evidence). Plaintiff's offer to produce limited redacted returns is not acceptable.

Sincerely,

Howard B. Hoffman

cc:     Counsel of Record (via ECF)