FILED
IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT
FOR THE DISTRICT OF MARYLAND OF MARYLAND

2013 DEC 12 P 12: 34

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

JEFFREY B. MOULD

Plaintiff

v.     CIVIL NO. JKB-13-1305

NJG FOOD SERVICE INC., *et al.*

Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### I. BACKGROUND

On May 1, 2013, Jeffrey B. Mould ("Plaintiff") filed his lawsuit against NJG Food Service, Inc., d/b/a The Crab Bag; OC Crabbag, LLC; Nolen J. Graves; and Albert Levy (collectively, "Defendants"). (Compl., ECF No. 1.)[1] On September 4, Plaintiff filed an amended complaint. (Am. Compl., ECF No. 33.) In his amended complaint, Plaintiff first alleges that he was employed as a server at The Crab Bag from February 13, 2011 until he was terminated on or about June 23, 2013. (First Am. Compl., ECF No. 33 ¶¶ 3, 12.) Second, he alleges that Defendants have violated the federal Fair Labor Standards Act ("FLSA") and Maryland Wage and Hour Law ("MWHL") in the utilization of a mandatory tip pooling arrangement for servers, which resulted in a failure to pay servers minimum wage and constituted unlawful and unauthorized deductions from his wages, all in violation of federal and Maryland law. (*Id.* ¶¶ 13, 14, 21-35.) Third, he alleges that Defendants have violated federal and state laws by their failure to pay overtime. (*Id.* ¶¶ 15, 36-50.) Fourth, Plaintiff alleges Defendants have violated

---

[1] Mr. Mould's case was consolidated with *Yanek v. NJG Food Service, Inc.*, JKB-13-2183. However, this memorandum and the accompanying order address only claims by Mr. Mould.

provisions of the Internal Revenue Code by filing fraudulent W-2s that over-report wages in the form of tips received. (*Id.* ¶¶ 16, 56-65.) Fifth, Plaintiff asserts causes of action of conversion and unjust enrichment against Defendants based upon the mentioned acts. (*Id.* ¶¶ 17, 55-64.) Lastly, Plaintiff alleges that his termination was an unlawful retaliation in violation of the FLSA. (*Id.* ¶¶ 18, 66-75.)[2] On December 4, 2013, this Court dismissed Plaintiff's conversion and unjust enrichment claims, as well as some of his state law claims. (ECF No. 90.)

On September 11, 2013, Defendants filed a motion requesting that Plaintiff post security for costs in the amount of $15,000, pursuant to Local Rule 103(4). (ECF No. 40.) Upon the filing of this motion, this Court ordered Plaintiff to show cause why Plaintiff should not post security for costs in an amount determined by the Court. (ECF No. 41.) Plaintiff responded to the Court's order on September 27, (ECF No. 53), and Defendants replied on October 23 (ECF No. 57). On October 23, Plaintiff filed a motion to strike Defendants' reply to Plaintiff's response to the Court's show cause order. (ECF No. 60.)

## II.  STANDARD FOR ORDERING PLAINTIFF TO POST SECURITY FOR COSTS

Under Local Rule 103.4, the Court may require a non-resident plaintiff to post security for the defendant's costs in the amount of "$150 or such higher amount as the Court determines is appropriate." Various jurisdictions, interpreting their own versions of Local Rule 103.4, have set forth factors to guide the exercise of discretion making this determination. These factors include "(1) the plaintiff's probability of success on the merits, and the background and purpose of the suit, (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective, and (3) the reasonable extent of the security to be posted, if any, viewed

---

[2] The Court notes a confusing stray reference to "wrongful discharge under Maryland law" in Plaintiff's first amended complaint. (First Am. Compl. ¶ 18.) The first amended complaint does not include a count of retaliation or other unlawful discharge under Maryland law. (*Id.*) This comports with the clear instructions in the Court's August 21, 2013 order, granting Plaintiff leave to file his first amended complaint, that "[t]he amended complaint shall not include a claim for the tort of abusive discharge under Maryland law." (ECF No. 26.) The Court will therefore treat this stray reference to "wrongful discharge under Maryland law" as a clerical error.

2

from the nondomiciliary plaintiff's perspective." *Murphy v. Ginorio*, 989 F.2d 566, 569 (1st Cir. 1993) (citing *Aggarwal v. Ponce Sch. Of Med.*, 745 F.2d 723, 727-28 (1st Cir. 1984). *See also Aggarwal*, 745 F.2d at 728 ("[J]ust as factors such as the absence of attachable property may bear on a defendant's legitimate need for the prophylaxsis [sic] of a bond, so too, a plaintiff's ability to post surety for costs must weigh in the balance when the third figure of the equation [, i.e. the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective,] is tabulated."); *Hardwoods, Inc. v. Universal Oil Prods. Co.*, 493 F.Supp. 76, 77 (W.D. Mich. 1980) (collecting cases) ("The cases establish that a court may require security for costs when the plaintiff's claim is of dubious merit, plaintiff lacks financial responsibility, and defendant will incur substantial expense."). As the Seventh Circuit reaffirmed in *Gay v. Chandra*, 682 F.3d 590 (7th Cir. 2012), a "cost bond is not a sanction. It is meant to insure that whatever assets a party *does* possess will not have been dissipated by the time such costs actually are awarded." *Id.* at 594 (quoting *Selleti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999).

## III. ANALYSIS

The Court begins by evaluating the plaintiff's probability of success on the merits, and the background and purpose of the suit. Here, proper evaluation of this factor must take into account that Defendants have made an offer of judgment that Plaintiff declined to accept, as discussed in the Court's December 4 ruling (ECF No. 89 at 17-23.) Specifically, Defendants offered to have judgment entered against them in the amount of $40,000. (ECF No. 53-1.) Pursuant to Rule 68 of the Federal Rules of Civil Procedure, if the judgment that Plaintiff obtains is "not more favorable than the unaccepted offer, . . . [then Plaintiff] must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). As a result, if Plaintiffs fail to obtain judgment that is more

3

favorable than the unaccepted offers[3], they will be liable to Defendants for costs incurred after the offer was made. However, these costs do *not* include attorney's fees. *Champion Produce, Inc. v. Ruby Robinson Co., Inc*, 342 F.3d 1016, 1028 (9th Cir. 2003) ("Because Ruby made an offer of judgment under Rule 68 that exceeded the amount Champion ultimately recovered, the cost-shifting provision of the rule applies. The district court therefore properly awarded post-offer costs (excluding attorneys' fees) to Ruby."). Also, if Plaintiffs fail to obtain judgment that is more favorable than the unaccepted offers, they will not be entitled to recover attorney's fees incurred after the offer was made, notwithstanding provisions to the contrary in the FLSA and the MWHL. *Marek v. Chesny*, 473 U.S. 1, 10 (1985) ("Civil rights plaintiffs—along with other plaintiffs—who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected.").

Thus, the Court will focus its evaluation of this first factor on the plaintiff's probability of successfully obtaining judgment on his claims in an amount *greater than $40,000*.[4] Having considered the arguments put forth by both parties, the Court therefore finds that Plaintiff has not shown a high probability of obtaining judgment on his claims in an amount greater than $40,000, especially in light of the Court's December 4 ruling, which dismissed Plaintiff's conversion and unjust enrichment claims, as well as some of his state law claims. (ECF No. 90.).

Second, the Court considers the reasonable extent of the security to be posted, if any, viewed from Defendants' perspective. Having considered the arguments of both parties, the Court finds that Defendants are justified in seeking a bond from Plaintiff, who is an out-of-state resident, who has been convicted of scheming to defraud a financial institution (ECF No. 57-3) and

---

[3] Rule 68 is inapplicable, however, if defendants, rather than plaintiffs, obtain judgment. 12 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3006 (2d ed. 1997) (collecting cases).

[4] In so doing, this Court honors the Supreme Court's pronouncement that Rule 68 expresses a "clear policy of favoring settlement of all lawsuits" by serving "as a disincentive for the plaintiff's attorney to continue litigation after the defendant makes a settlement offer." *Marek*, 473 U.S. at 10.

4

fraudulent use of personal identification (ECF No. 57-6), and who owns little attachable property (ECF No. 40 at 4).[5]

Third, the Court considers the reasonable extent of the security to be posted, if any, viewed from the Plaintiff's perspective. The Court takes note of the fact that Plaintiff is unemployed. (ECF No. 53 at 4.) However, here, plaintiff has made no effort to show that he cannot afford to post a bond. Rather, Plaintiff asserts that because Defendants have made an offer of judgment, Defendants already have security for their costs in the "judgment that will ultimately be entered against them." (*Id.*) Plaintiff's argument rests on a false premise however; namely, Plaintiff assumes that because Defendants have made an offer of judgment, judgment will be entered against Defendants for no less than the amount offered. There is simply no basis for making such an assumption where Plaintiff has not accepted Defendants' offer of judgment.

## IV. CONCLUSION

Thus, having considered the relevant factors and the arguments put forth in the parties' filings, the Court finds that it is appropriate to require Plaintiff to post security for costs with the clerk of this Court. However, the Court finds that the sum of $15,000 requested by Defendants is excessive. The bond required will therefore be reduced to $2,500.

The Court also denies Plaintiff's motion to strike. (ECF No. 60.) Such motions are "generally viewed with disfavor." *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). The Court finds that Defendants' decision to file a reply was entirely appropriate. Further, the Court has reviewed Plaintiff's memorandum and does not find sufficient reason to apply the disfavored remedy here.

---

[5] The Court affords no weight to postings from the website Rip Off Report that Defendants have attached as exhibits.

DATED this  11  day of December, 2013.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge