IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| JEFFREY B. MOULD | * | |
| Plaintiff | * | |
| v. | * | CASE NO. 1:13-cv-01305-JKB |
| NJG FOOD SERVICE, INC., et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF TAYLOR SCHLETTE'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

### I.       INTRODUCTION

Plaintiff Taylor Schlette ("Plaintiff Schlette") joined this action as an opt-in Plaintiff on October 11, 2013. On December 26, 2013, Plaintiff Schlette accepted an Offer of Judgment in the amount of $6,850.00. On January 8, 2014, this Court entered an Order of Judgment in favor of Plaintiff Schlette and against Defendants in the amount of $6,850.00. The Fair Labor Standards Act ( "FLSA") and Maryland Wage and Hour Law ("MWHL"), pursuant to which Plaintiff Schlette's claims were brought, allow a reasonable attorneys' fee, as well as costs to be paid by Defendants as determined by the Court. Thus, in accordance with the applicable sections of the FLSA and MWHL (29 U.S.C. § 216(b); MD. CODE ANN., LAB. & EMPL. § 3-427(d)), as well as Fed. R. Civ. P. 54(d), L.R. 109, Appendix B. *Rules and Guidelines for Determining Attorneys' Fees in Certain Cases*, and this Court's January 8, 2014 Order of Judgment, Plaintiff Schlette files this Motion and respectfully requests $8,140.80 in fees and costs, which were expended by counsel in obtaining judgment on behalf of Plaintiff Schlette in this matter.

## II.  <u>SUMMARY OF FACTS</u>

This case was bought as a collective and class action by named Plaintiffs Kathleen Yanek and Julianne Lodowski on July 26, 2013.  (ECF 01).  The Plaintiffs alleged claims under the FLSA, MWHL, MWPCL, and common law claims of unjust enrichment and conversion.  (*See* ECF 01).  On August 16, 2013, Defendants filed a Motion to Dismiss.  (ECF 09).  On September 4, 2013, Plaintiffs filed an Amended Complaint.  (ECF 16).  On October 3, 2013, Plaintiffs filed a Motion for Leave to file Second Amended Complaint to add Scott Clempner as a named Plaintiff in the litigation.  (ECF 18).  On October 11, 2013, Plaintiffs filed a Supplement to their Motion for Leave to file Second Amended Complaint to add Taylor Schlette as an opt-in Plaintiff.  (ECF 20).  On November 12, 2013, the Court consolidated the collective and class action with the *Mould v. NJG Food Service, Inc., et al.* matter.  (ECF 30).  On December 4, 2013, the Court issued an Order Granting in part and Denying in part, Defendants' Motion to Dismiss (ECF 90). In the December 4 Order, the Court Granted Plaintiffs' Motion to Leave and Supplemental Motion for Leave to File Second Amended Complaint over Defendants' Opposition, and directed the Court to docket Plaintiffs' Second Amended Complaint attached to the Supplemental Motion for Leave.  (ECF 20-1).

After the Court's rulings, the claims remaining in the collective and class action are those pursuant to the FLSA and MWHL, which are premised upon Defendants' failure to pay Plaintiffs and those similarly situated minimum wage and proper overtime pay through, *inter alia*, Defendants' operation of an illegal tip pool and failures to properly inform Plaintiffs of the tip credit applied as part of Plaintiffs' wages.  (*See generally* ECF 20-1).  On December 5, 2013, Defendants sent Plaintiffs' counsel an Offer of Judgment with respect to Plaintiff Schlette.  Offer of Judgment, Ex. 1. Specifically, Defendants offered Plaintiff Schlette $6,850.00, which counsel

for Defendants explained reflects a rounding up of unpaid wages attributable to Plaintiff Schlette totaling $6,811.00, assuming no tip credit can be taken by Defendants.  *See* Ex. 1.  Through their Offer of Judgment, Defendants also stated their willingness to pay attorneys' fees, as determined by the Court, and the Offer of Judgment expressly authorizes Plaintiff Schlette to file a Motion for Attorneys' Fees.  *See* ¶ 2B, Ex. 1.

On December 23, 2013, Plaintiff Schlette accepted the Offer of Judgment (ECF 99, 101) and on January 8, 2014, the Court entered Judgment in favor of Plaintiff Schlette and against Defendants in the amount of $6,800.00 and Ordered that Plaintiff Schlette may file a Motion for Attorneys' Fees and Bill of Costs (ECF 108).

Accordingly, Plaintiff Schlette files the instant motion seeking $7,987.50 in fees and $153.30 in costs.  Counsel for Plaintiff Schlette has segregated out the fees directly attributable to Plaintiff Schlette and does not seek herein any fees or costs associated with the collective or class action that are not directly attributable only to Plaintiff Schlette.[1]  Those fees and costs will be addressed at a later date.  A billing statement detailing the attorney and paralegal time billed in connection with Plaintiff Schlette, as well as the costs billed with respect to Plaintiff Schlette is attached hereto as Exhibit 2.  The billing statement was generated from Plaintiff counsel's "TimeSlips" software program.  Plaintiff's counsel contemporaneously keeps and maintains its billing records, which include hours billed and costs expended through entry into its "TimeSlips" program.

---

[1] As the collective/class action has been referred to Judge Gesner for a settlement conference and the parameters of the class and therefore, the total class members is not yet determined, Plaintiff's counsel has not attributed a proportion of its total fees expended thus far in this matter to Plaintiff Schlette.  It is anticipated that the remainder of the fees expended in this case will be sought at a later date through either an approval of a settlement and/or later Motion for Attorneys' Fees and Costs.

The fees sought represent 30.70 hours of attorney Julia A. Carolan's time at her hourly rate of $235 per hour[2] and 2.00 hours of Ms. Carolan's time at $57.50[3], more than half of Ms. Carolan's hourly rate.  Billing Statement, Ex. 2.  The fees sought also represent 4.70 hours at paralegal Valerie J. Longo's hourly rate of $140. Billing Statement, Ex. 2.   In accordance with Paragraph b. of Appendix B. *Rules and Guidelines For Determining Attorneys' Fees is Certain Cases*, attached as Exhibit 3 is a table with the fees sought herein separated out by litigation phase categories.  As set forth in Exhibit 3, 11.60 hours are attributable to "case development/background investigation/case administration," 8.60 hours are attributable to "pleadings", and 17.20 hours are attributable to the preparation of the fee petition.

The only costs requested are in connection with Ms. Carolan's mileage to and from Ocean City, Maryland, which totaled 271.32 miles and was multiplied by the rate permitted for official government travel ($0.565 per mile)**,** for a total of $153.30 requested in costs.  Billing Statement, Ex. 2.

Plaintiff counsel's billing statement reflects that time spent in intra-office conferences between either Ms. Carolan and co-counsel Francis R. Laws and/or Martin Wolf were only compensated towards Ms. Carolan and billed at her hourly rate, although counsel could have billed those conferences at Messrs. Laws' or Wolf's rates, which are considerably higher than Ms. Carolan's.  *See* App. B. *Rules and Guidelines For Determining Attorneys' Fees is Certain*

---

[2] As of January 1, 2014, Ms. Carolan's hourly rate increased to $250 per hour, but counsel for Plaintiff continued to bill Ms. Carolan's time with respect to Plaintiff Schlette at $235 per hour.

[3] In accordance with Paragraphs 2.e.ii and 2.e.iii. of Appendix B "Rules and Guidelines For Determining Attorneys' Fees is Certain Cases," Plaintiffs' counsel billed six hours of travel time associated with Plaintiff Schlette driving to and from Ocean City, Maryland, and billed four hours at Ms. Carolan's regular hourly rate and two hours at half Ms. Carolan's regular hourly rate. Further the trip actually took slightly more than three hours each way, but counsel rounded down when recording her time for the trip. In addition, Ms. Carolan intended to bill the two hours at half her normal hourly rate of $115.00. However, the firm's software billed the two hours at $57.50 and Plaintiff is not adjusting the amount upward.

*Cases*, ¶ 2.d.  Further, Plaintiff's counsel reduced its bill by not including any time expended by Mr. Laws, including in addition to the intra-office conferences, his review of the pleadings filed attributable to Plaintiff Schlette, his review of the Offer of Judgment, and his emails to opposing counsel, Howard Hoffman, regarding Plaintiff Schlette.  Carolan Aff.  ¶ 9, Ex. 4.  Simply stated, and as set forth more fully below, the fees and costs sought herein represent a more than reasonable amount of hours multiplied by a more than reasonable hourly rate.

### III.   ARGUMENT

#### A.   STANDARD OF REVIEW.

In an action brought under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Likewise, under the MWHL, "[i]f a court determines that an employee is entitled to recovery . . . the court may allow against the employer reasonable counsel fees and other costs."  MD. CODE ANN., LAB. & EMPL. § 3-427(d).

Where an employee prevails on FLSA claims, the payment of attorneys' fees and costs is "mandatory," the amount, "however, is within the sound discretion of the trial court." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 640 (D. Md. 2012) (citing *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir.1984)).  In *Andrade,* a recent decision from Judge Catherine Blake of this Court and concerning attorneys' fees in FLSA cases, the Court explained the first step in determining reasonable attorneys' fees, as follows:

> The first step . . . is to calculate the lodestar—that is, "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010). The Supreme Court had held that "the lodestar method yields a fee that is presumptively sufficient to achieve this objective." Id. at 1673.

5

*Andrade*, 852 F. Supp. 2d at 640.[4]  In *Andrade*, Judge Blake noted that historically courts in determining the reasonableness of attorneys' fees have looked at a series of factors known as the *Johnson* facts, which are as follows:

> 1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

*Andrade*, 852 F. Supp. 2d at 645.  As discussed by Judge Blake, however, the Supreme Court recently "shed doubt" on the use of these factors in determining the reasonableness of a fee petition, describing them as an "alternative" to the lodestar method.  *Id.*  (citing *Perdue*, 120 S.Ct. at 1632).  Given the amount of the judgment at issue here and the relatively low amount of fees currently expended, and also mindful of the fact that Plaintiff is seeking and is entitled to seek fees in connection with preparing this Motion, Plaintiff will not engage in an exhaustive lodestar analysis regarding the request for fees and, especially given the current view of the *Johnson* factors, will not specifically address each such factor herein.  If the Court wishes Plaintiff to go into more detail in that regard, Plaintiff will provide supplemental briefing on

---

[4] As Judge Blake sets forth in *Andrade*, a more complex inquiry is required when some of the plaintiffs' claims prevail and other fails.  *See Andrade*, 852 F.Supp.2d at 640.  In particular such inquiry involves identifying the number of hours expended on the litigation and multiplying that by a reasonable hourly rate and then subtracting fees for hours spent on unsuccessful claims unrelated to successful ones.  *See id.* The court may then award a percentage of the remaining amount, depending on the degree of success of the plaintiff.  *Id.*  However, where the claims involve a common core of facts and related claims, much of counsel's time is devoted to the litigation as a whole, and should not be reduced "simply because the district court did not adopt each contention raised."  *Id.* (citations omitted).  Regardless, here, Plaintiff Schlette was successful on all claims she raised, and all of the time sought with respect to Plaintiff Schlette is associated with an action in which she was successful (*i.e.*, either bringing her into the litigation as an opt-in plaintiff, which was opposed vigorously by Defendants (ECF 21), and/or obtaining and entering the judgment obtained by Plaintiff Schlette).

those issues, but in an effort to minimize fees where it seems reasonable to do so, Plaintiff simply sets forth below the reasonableness of hours and associated fees requested and Plaintiff's success in this action.

     B.        <u>REASONABLENESS OF THE HOURS AND FEES REQUESTED.</u>

Plaintiff herein seeks a relatively modest amount of fees and associated hours.  In many instances, Plaintiff's counsel has billed time at the lowest hourly rate of the attorneys involved. For example, the billing statement reflects intra-office conference time between Ms. Carolan and Mr. Laws and/or Mr. Wolf.  *See* Ex. 2.  Although counsel is permitted to bill that time at the highest hourly rate of the attorneys involved, counsel chose to only bill Ms. Carolan's rate – significantly lower than Mr. Laws rate of $450 and Mr. Wolf's rate of $500.  Carolan Aff. ¶ 9, Ex. 4; *see also* Ex. 2.  Likewise, Plaintiff's counsel has not billed for time spent by Mr. Laws reviewing pleadings associated with Plaintiff Schlette, reviewing the Offer of Judgment transmitted to Plaintiff Schlette, and corresponding with opposing counsel regarding Plaintiff Schlette.  Carolan Aff. ¶ 9, Ex. 4.

In general, this litigation and its consolidated matter have been motions intensive and, even matters that should not be fraught with controversy and opposition, such as adding in opt-in plaintiffs, have been bitterly opposed by opposing counsel.  Accordingly, the time spent researching such issues and drafting pleadings related thereto, especially where opposing counsel did aggressively oppose the addition of Plaintiff Schlette and was unsuccessful in doing so, were reasonable and necessary expenditures of counsel's time.

Further, the only time for which Plaintiff Schlette seeks compensation in this matter is that of attorney time associated with Ms. Carolan and a minor amount of paralegal time spent by Ms. Longo.  Both have a high degree of competence, a good deal of experience in

employment and litigation matters, and have a good reputation amongst their peers. *See generally* Carolan Aff., Ex. 4.

In particular, Ms. Carolan graduated *Summa Cum Laude* with a B.S. degree from the University of Pittsburgh in 2003 and graduated *Cum Laude* with a J.D. from the University of Maryland School of Law in May 2006. Carolan Aff. ¶ 3, Ex. 4. At graduation from the University of Maryland School of Law, Ms. Carolan was awarded Order of the Barristers. *Id.* During law school, Ms. Carolan was a member of the University of Maryland School of Law's National Trial Team, serving as co-captain of the team during her third year, and was an Associate Editor on the *Journal of Health Care Law and Policy. Id.* Ms. Carolan was admitted to the Maryland bar in December 2006 and admitted to the bar of this Court in August 2007. *Id.* She has also been admitted to the bar of the U.S. District Court for the Eastern District of Michigan. *Id.* Ms. Carolan has been named a "Rising Star" in the area of general litigation for the years 2012, 2013 and 2014 by Maryland Super Lawyers magazine. *Id.*

Following a clerkship with the Honorable Gale E. Rasin of the Circuit Court for Baltimore City, Ms. Carolan practiced for nearly four years as a litigation associate at Astrachan Gunst Thomas, P.C. Carolan Aff. ¶ 4, Ex. 4. Ms. Carolan has been an attorney in the litigation department with Thomas & Libowitz, P.A. for nearly three years. *Id.* Through her approximately seven years of practice, she has represented clients in federal and state court matters, as well as matters at the administrative level, involving complex business and commercial litigation. *Id.* Much of her work has focused on labor and employment matters, through both the litigation of such matters and advising clients. Ms. Carolan has also lectured on employment issues. *Id.*

Ms. Longo is a paralegal with Thomas & Libowitz, P.A.  Carolan Aff. ¶ 5, Ex. 4.  Ms. Longo graduated from George Mason University's Certified Paralegal Program in December 2006.  *Id.*  Ms. Longo has worked in the legal field since 1977.  *Id.*  Prior to her current position as paralegal at Thomas & Libowitz, she worked as a legal assistant at Whiteford, Taylor & Preston where she performed paralegal duties on a daily basis.  *Id.*  Ms. Longo was given the responsibility of handling the entire medical component in the defense of asbestos litigation.  *Id.*  Her duties in that regard were complex and demanding.  *Id.*

Ms. Longo began working at Thomas & Libowitz in January 2002 as a litigation legal assistant who also performed paralegal duties as needed, and since 2006 has functioned exclusively as a litigation paralegal.  *Id.*  Ms. Longo's work in Thomas & Libowitz's litigation department involves a great deal of work on employment related litigation.  *Id.*  In addition to typical paralegal duties involving document organization and retention, facilitating and organizing document productions, finalizing and filing court papers, Ms. Longo also has extensive experience in employment related matters involving, for example, review and compilation of complex payroll and related records.  *Id.*

The fee requested in relation to Ms. Carolan's hours is within the fee range guidelines set forth in Appendix B. *Rules and Guidelines for Determining Attorneys' Fees in Certain Cases*.  Carolan Aff. ¶ 12, Ex. 4.  Specifically, Ms. Carolan has been practicing for approximately seven years and, for purposes of this Motion, charged an hourly rate of $235.  *Id.*

The hourly rate associated with Ms. Longo's time is slightly higher than that set forth in the fee range guidelines set forth in Appendix B *Rules and Guidelines for Determining Attorneys' Fees in Certain Cases*.  However, given the extensive amount of time Ms. Longo has worked in the legal field (37 years), her vast degree of experience as a paralegal in general

litigation and employment related matters, and her high degree of competence, the hourly rate requested is more than reasonable.  Carolan Aff. ¶ 12, Ex. 4.

As set forth above, Plaintiff Schlette also requests a minor amount of costs ($153.30), in connection with mileage costs reimbursed to Ms. Carolan for her trip to Ocean City, which involved a meeting with Plaintiff Schlette.  Those costs were calculated in accordance with Appendix B by multiplying Ms. Carolan's mileage by the rate of reimbursement for official government travel.  App. B at ¶ 4.b; *see also* Carolan Aff. ¶ 14, Ex. 4.

All of the legal services rendered as set forth herein were necessary services to be performed in this matter in order to obtain the judgment awarded to Plaintiff Schlette.  Further, the fees and expenses incurred were fair and reasonable for the services that were required. Carolan Aff. ¶ 15, Ex. 4.

C.      **SUCCESS OF PLAINTIFF SCHLETTE.**

Counsel for Plaintiff Schlette achieved success for Plaintiff Schlette in every respect. The fees requested herein are all associated with either bringing Plaintiff Schlette into this matter or obtaining the judgment at issue.  Despite vigorous opposition by opposing counsel, Plaintiffs were successful in adding Plaintiff Schlette to this action as an opt-in Plaintiff.  Counsel were also successful in obtaining a judgment for Plaintiff Schlette in excess of the unpaid wages associated with her employment, as calculated by Defendants.  *See* Hoffman Cover Letter, Ex. 1.

Further, although the fees sought are slightly in excess of the judgment obtained by Plaintiff Schlette, such is not unusual in these types of cases and certainly does not prohibit the Court from awarding counsel all fees expended by them, especially given the nature of the important rights Plaintiff seeks to vindicate.  *See, e.g., City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2686, 2694, 91 L. Ed. 2d 466 (1986) (rejecting the proposition that attorneys'

10

fees in civil rights cases must necessarily be proportionate to the amount of damages a plaintiff actually recovers).  For example, in *Andrade*, Judge Blake awarded $110,115.94 in attorneys' fees, where the Plaintiffs only obtained $13,940.08 in back pay for all eight plaintiffs.  *Andrade*, 852 F.Supp.2d at 644; *see also Chapman v. Ourisman Chevrolet Co., Inc.*, 2011 WL 2651867 *13, *18 (D. Md. 2011) (awarding $37,292.52 in fees for a recovery of $3,100 in an FLSA case); *Almendarez v. J.T.T. Enterprises Corp.*, 2010 WL 3385362, *7 (D. Md. Aug. 25, 2010) (awarding $84,058.00 in fees for an underlying recovery of $6,600.00).[5]

As Plaintiff Schlette was successful in all respects, Plaintiff's counsel is entitled to the entirety of the fees and costs expended on behalf of Plaintiff Schlette.

## IV.   CONCLUSION

For the reasons set forth herein, Plaintiff Schlette requests an Order awarding her attorneys' fees in the amount of $7,987.50 and costs in the amount of $153.30.

Respectfully submitted,

_____/s/_____
Francis R. Laws (Bar No. 02596)
flaws@tandllaw.com
Julia A. Carolan (Bar No. 28461)
jcarolan@tandllaw.com
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202-1053
Telephone: (410) 752-2468
Facsimile: (410) 752-0979

---

[5] These cases involved downward adjustments based on the degrees of success obtained.  However, as set forth below Plaintiff Schlette was successful in all respects and the cases demonstrate that the award of fees need not be proportionate to the result obtained by the Plaintiffs.

_____/s/_____
Martin E. Wolf (Bar No. 09425)
mwolf@gordon-wolf.com
GORDON & WOLF, CHTD.
102 W. Pennsylvania Ave., Suite 402
Towson, Maryland 21204
Telephone: (410) 825-2300
Facsimile: (410) 825-0066

*Attorneys for Plaintiff Taylor Schlette*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 22nd day of January 2014.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____/s/_____
Julia A. Carolan

12