**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **JEFFREY B. MOULD** | * |  |
| **Plaintiff** | * |  |
| **v.** | * | **CIVIL NO.  JKB-13-1305** |
| **NJG FOOD SERVICE INC.,** *et al.* | * |  |
| **Defendants** | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In light of the recent ruling of the Maryland Court of Appeals in the matter of *Marshall v. Safeway, Inc.*, No. 56, Sept. Term, 2013, 2014 WL 1227629 (Md., March 26, 2014) and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court has decided to reconsider its December 4, 2013 memorandum (ECF No. 89) and order (ECF No. 90). Specifically, the Court revisits its ruling with regard to Defendants' motions to dismiss (ECF No. 35 and JKB-13-2183 ECF no. 9) as they pertain to Plaintiffs' claims under the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Labor & Employment § 3-503 *et seq*.  (ECF No. 33, Mould Am. Compl., Counts III and VI; JKB-13-2183, ECF No. 20-1, Yanek Sec. Am. Compl., Counts III and V).

In *Marshall*, the Court of Appeals held that the MWPCL permits a private cause of action not only if an employer fails to pay wages in accordance with § 3-502 or § 3-505 but also if an employer makes "a deduction from the wage of an employee" in violation of §3-503.  In so holding, the Court of Appeals explained that:

> It is true, as we noted in *Friolo* and as focused on by the lower courts, that those sections [ i.e., §§ 3-502 and 3-505]   are principally timing requirements, but what the timing relates to is what must be paid—all compensation that is due.  When an employer makes an unauthorized deduction under § 3-503, it is not paying all the compensation that is due to the employee.  It is paying some part of that compensation (or perhaps all of it), unlawfully, to someone else.  A violation of § 3-503 necessarily constitutes a violation also of § 3-502 or § 3-505.

*Marshall*, 2014 WL 1227629 at *10 (citing *Friolo v. Frankel*, 819 A.2d 354 (Md. 2003)).  The court concluded that "the purpose of § 3-507.2 [which provides employees with a private right of action] was to provide a meaningful remedy to the harm flowing from the refusal of employers to pay wages lawfully due."  *Id.* at *11.

As a result of this decision, some of the cases on which this Court relied in its December 4, 2013 memorandum (ECF No. 89 at 14-15) are, at least in part, no longer good law.  In particular, the *Marshall* opinion disturbed this Court's findings (1) that "Plaintiff Mould cannot maintain a private action for violations of § 3-503 [of the MWPCL]" (ECF No. 89 at 14) and (2) that "claims for entitlement to wages, such as the ones set forth [in Counts III and VI of Plaintiff Mould's complaint (Mould Am. Compl.) and in Counts III and V of the *Yanek* complaint (Yanek Sec. Am. Compl.)] are not covered by the MWPCL because they relate to the amount of wages owed, rather than the timing of payment."

However, the *Marshall* opinion did not touch on the interactions between the MWPCL and the two other statutes at issue in the present case, namely, the Fair Labor Standards Act of 1928 ("FLSA"), 19 U.S.C. §§ 201 *et seq*., and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Labor & Employment §§ 3-401, *et seq*.  For guidance in this regard, the Court looks to other authorities.  With regard to the FLSA, in *Anderson v. Sara Lee Corp.*, the Fourth Circuit explained that the remedies provided by the FLSA are the exclusive remedies for violations of its mandates.  508 F.3d 181, 195 (4th Cir. 2007) (citing *Kendall v. City of Chesapeake, Va.*, 174

F.3d 437 (4th Cir. 1999)).  Stated differently, "states cannot enlarge the available remedy for

FLSA violations."  *Butler v. DirectSat USA, LLC*, 800 F. Supp.2d 662, 671 (D. Md. 2011).

However, "[w]here a state statutory regime creates both a right and mechanism for

enforcement, . . . even if parallel to the rights and remedies established in FLSA, state law claims

are not preempted."  *Id.*  As a result, this Court has held, for example, that MWHL claims are not

preempted by the FLSA.  *Id.*

     With regard to the interactions between the MWPCL and the MWHL, in *Friolo v.*

*Frankel*, the Maryland Court of Appeals held that plaintiffs may sue under both the MWPCL and

the MWHL.  819 A.2d 345, 362 (Md. 2003) ("Clearly [plaintiff] was entitled to sue under both

statutes [i.e., the MWPCL and the MWHL] to recover any overtime pay that remained due after

termination of her employment.")[1]

     In the case at bar, Plaintiff Mould, in his amended complaint alleges that

"Defendants . . . unlawfully utilized a tip credit as an excuse to pay Plaintiff less than the Federal

and Maryland Minimum Wage." (Mould Am. Compl. at Count III, ¶ 34; *see also* ECF No. 46 at

17 ("Plaintiff claims that Defendants failed to pay him the appropriate minimum wage.").)

Further, Plaintiff Mould claims that because "Defendants have failed to pay Plaintiff one and

one-half times (1.5x) his regular rate of pay for all hours worked in excess of forty (40) in a

workweek, in violation of the FLSA and the MWHL[,] Defendants have, therefore, failed to pay

Plaintiff for all earned wages from the date he was first employed, February 13, 2011 through

and including the present, in violation of [the MWPCL]."  (*Id.*, at Count VI, ¶ 49.)

---

[1] Of course, even where a plaintiff sues under both the MWPCL and the MWHL (or under the MWPCL, the MWHL, and the FLSA), she would only be able to recover once for damages resulting from a defendant's failure to pay wages as required by law.  This is so even if the plaintiff were successful in showing defendant's liability under all the above-listed statutes. *See* (ECF No. 89 at 28), *Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733 at *5 (D. Md. Nov. 5, 2012) (citing *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333 (1980); *United States v. Rachel*, 289 F. Supp. 2d 688, 697 (D. Md. 2003)), *Friolo*, 819 A.2d 345.

Similarly, in their second amended complaint, the *Yanek* Plaintiffs allege violations of §§3-502 and 3-505 of the MWPCL in that "Defendants knowingly failed to pay Plaintiffs' and State Class members' wages timely and upon termination of employment.  Specifically, through the improper tip pooling and tip credit arrangements, Defendants are not entitled to the tip credit, . . . and therefore, have failed to pay Plaintiffs and State Class members their full wage regularly with each paycheck and upon Plaintiffs' and any similarly situated State Class members' termination of employment."  (Yanek Sec. Am. Compl. at Count III, ¶ 52.)  The *Yanek* Plaintiffs further allege that "Defendants have failed to pay Plaintiffs and all State Class members one and one-half times (1.5x) their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA." (Yanek Sec. Am. Compl. at Count V, ¶ 62.)  As a result, the *Yanek* Plaintiffs claim that Defendants violated §§ 3-502 and 3-505 of the MWPCL by failing to regularly and timely pay wages during the course of employment and upon termination.  (*Id.*)

The Court turns first to Plaintiffs' MWPCL claims with regard to overtime. (Mould Am. Compl. at Count VI and Yanek Sec. Am. Compl. at Count V.)  Before delving into the heart of the matter, the Court reiterates its December 4, 2013 ruling that the overtime provision of the MWHL does not apply to restaurants.  (ECF No. 89 at 15-16); Md. Code, Labor & Employment § 3-415.  Therefore, although Plaintiff Mould has alleged that "Defendants have failed to pay Plaintiff one and one-half times (1.5x) his regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA *and the MWHL*" (Mould Am. Compl. at ¶ 49) (emphasis added), in fact the Court has already dismissed his overtime claim under the MWHL. (ECF No. 89 at 15-16.)  However, the Court has also found that Plaintiff Mould, like the *Yanek*

Plaintiffs, has properly alleged that Defendant failed to pay them the overtime rate required by the FLSA.  (ECF No. 89 at 17-32.)

Thus, Plaintiffs' MWPCL overtime claims are based exclusively on their rights under the FLSA.  As a result, under *Anderson*, Plaintiffs' MWPCL claims are preempted by the FLSA. Indeed, to find otherwise would be to allow Maryland, through the MWPCL, to "enlarge the available remedy for FLSA violations."  *Butler*, 800 F. Supp.2d at 671 (D. Md. 2011). Therefore, the Court will grant Defendants' partial motion to dismiss (ECF No. 35) as to Count VI of Plaintiff Mould's amended complaint (ECF No. 33) and the Court will also grant Defendants' motion to dismiss (JKB-13-2183, ECF No. 9) as to Count V of the *Yanek* Plaintiffs' second amended complaint (JKB-13-2183, ECF No. 20-1).[2]

The Court next turns to Plaintiffs' MWPCL claims with regard to minimum wage. (Mould Am. Compl. at Count III and Yanek Sec. Am. Compl. at Count III.)  As the Court established in its December 4, 2013 memorandum, Plaintiffs have adequately pleaded their claim that Defendants failed to pay them the minimum wage required by the FLSA and the MWHL. (ECF No. 89 at 17-32.)  On the basis of the ruling in *Marshall,* the Court now finds that Plaintiffs have also adequately pleaded their MWPCL claims with regard to minimum wage.  Indeed, Plaintiffs have adequately pleaded that Defendants failed to pay "all compensation that [was] due [to them]" and have therefore adequately pleaded a "violation of § 3-503[, which] necessarily constitutes a violation also of § 3-502 or § 3-505".  *Marshall*, 2014 WL 1227629 at *10.[3]

---

[2] Although the Court, in this memorandum, offers new reasons for this holding, in light of the *Marshall* opinion, this is the same result as was reached in the Court's prior memorandum (ECF No. 89).

[3] Had Plaintiffs' MWPCL claims with regard to minimum wage relied exclusively upon the FLSA, those claims might have been preempted like their MWPCL overtime claims.  However, Plaintiffs' MWPCL minimum wage claims also rely on Defendants' failure to pay them the minimum wage as required by the MWHL.  And, as the Court of Appeals recognized in *Friolo*, plaintiffs may sue under both the MWPCL and the MWHL.  819 A.2d at 362.

Accordingly, an order shall issue vacating the Court's prior order in the case (ECF No. 90) in part and reflecting the reconsiderations set forth in this memorandum.   Specifically, Defendants' partial motion to dismiss (ECF No. 35) will be DENIED as to Count III of Plaintiff Mould's amended complaint (ECF No. 33) and Defendants' motion to dismiss (JKB-13-2183, ECF No. 9) will be DENIED as to Count III of Plaintiffs' second amended complaint (JKB-13-2183, ECF No. 20-1).

Dated this 11th day of April, 2014.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge