**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

JEFFREY B. MOULD                          *

        **Plaintiff**                          *

    v.                                    *          **CASE NO. 1:13-cv-01305-JKB**

NJG FOOD SERVICE, INC., et al.            *

        **Defendants**                        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION FOR PARTIAL
RECONSIDERATION AND/OR CLARIFICATION**

Plaintiff Jeffrey B. Mould, by counsel, hereby moves for partial reconsideration and/or

clarification of the Court's April 11, 2014 Order and December 4, 2013 Order in light of the

Court of Appeals' recent ruling in *Marshall v. Safeway, Inc.* and the Court's recent decision

reinstating Count III of Plaintiff's Amended Complaint.  As grounds, Mould states as follows.

## I.        INTRODUCTION

On April 11, 2014, this Court entered an Order vacating its previous December 4, 2013

Order dismissing Plaintiff's Count III of his Amended Complaint, a claim under the Maryland

Wage Payment and Collection Law ("MWPCL") for unlawful deductions and reinstated Count

III, premised upon the Court of Appeals' recent ruling in *Marshall v. Safeway, Inc.*, No. 56, Sept.

Term, 2013, 2014 WL 1227629 (Md. Mar. 26, 2014).  That decision, and the rationale

underpinning the Court's reconsideration of its prior decision, also revive, Plaintiff submits, the

decision dismissing Plaintiff's overtime claim, the decision dismissing Plaintiff's claim that the

unlawfully withheld tips constitute wages to which he is lawfully entitled,[1] and his unjust

enrichment claim.

## II.   ARGUMENT

### A.   FOLLOWING *MARSHALL* PLAINTIFF'S CLAIM FOR OVERTIME IN COUNT VI STATES A VALID CLAIM UNDER THE MWPCL.

*Marshall* clarifies that the failure to pay *any* compensation due to an employee, whether

the wage is required by federal or state law, constitutes a violation of the MWPCL.  In *Marshall*,

the improperly deducted wages were all wages garnished in excess of the federal exemption of

30 times the FLSA minimum hourly wage.  2014 WL 1227629 at *3 (Md. Mar. 26, 2014).  The

wages garnished in *Marshall* were consistent with Maryland law, but exceeded the amount of

garnishment allowed by federal law.  The court found that "Federal law preempts state law to the

extent that the latter 'allows a greater amount of the debtor's earnings to be reached than does the

federal law.'"  *Id.* at *2.  Thus, the court held that the "[s]tates can provide a **greater** exemption

than that provided by the Federal law, but not a **lesser** one."  *Id.*  Accordingly, the state

garnishment statute providing for a lesser exemption than the 30 times the FLSA mandated by

federal law was not permissible.  *Id.*

In examining whether the failure to pay such wages constituted a violation of the

MWPCL giving rise to a private right of action, the court read all provisions of the MWPCL

together and harmoniously.  *Id.* at *7.  Section 3-501(c)(1) defines "wage" as "all compensation

that is due to an employee for employment."  MD. CODE ANN., LAB. & EMPL. § 3-501(c)(1); *see*

---

[1] Regarding the tips, in reinstating Count III it is unclear whether the Court intended to reinstate Plaintiff's claim that the tips withheld by Defendants constitute part of the damages to which Plaintiff is entitled under that Count.  *See* ECF Doc. 33, ¶ 34, Count III *ad damnum*, claiming that the damages include the tips unlawfully withheld, trebled.  The body of the Court's decision does not include a discussion of this part of Plaintiff's requested relief, and would indicate that the Court did not intend for the decision to have that reach.  If Plaintiff is incorrect, and the Court intended to reinstate this part of Count III as well, then Argument B, *infra*, can be ignored.

*also Marshall*, 2014 WL 1227629 at *7.  The court stated that the "wage" as defined by Section 3-501 is what Sections 3-502 and 3-505 "relate to—that is what must be paid at or by the specified times."  *Marshall*, 2014 WL 1227629 at *10.  While it is true that those are primarily timing requirements, "what the timing relates to is what must be paid—**all compensation that is due**."  *Id.*  (Emphasis added.)

In this case, the FLSA mandates that employees who work in excess of 40 hours in any work week must be paid overtime.  29 U.S.C. §§ 207(a), 215(a)(2).  While Maryland may exempt restaurant employees from the *state's* overtime requirement, state law cannot preempt the greater federal protections of the FLSA.  *Marshall*, 2014 WL 1227629 at *2.  As in *Marshall*, where the employee was due greater compensation, or a lesser deduction, under federal law, Mould was due overtime under the FLSA and the failure to pay that overtime constitutes a claim for a violation of the MWPCL through Defendants' failure to pay all compensation due to Plaintiff.[2]  *See, e.g., Hoffman v. First Student, Inc.,* CIV AMD 06-1882, 2009 WL 1783536 (D. Md. June 23, 2009) (ECF Doc. 14, Ex. 10), holding that the MWHL is not preempted by the FLSA, the court noting that "the purpose behind the FLSA is to establish a national floor under which wage protections cannot drop."

Accordingly, Plaintiff respectfully requests that Count VI be reinstated.

**B.     PLAINTIFF'S COUNT III PROPERLY INCLUDES AS DAMAGES UNDER STATE LAW THE TIPS HE CONTRIBUTED TO THE TIP POOL AS UNLAWFULLY DEDUCTED WAGES.**

Congress, the Department of Labor, the Supreme Court, the Fourth Circuit, and the Maryland Legislature have all concluded that, with the exception of a *valid* tip pool or tip sharing arrangement, tips are the property of the employee and must be retained by the employee.  *See,*

---

[2] It also constitutes an unlawful deduction pursuant to Section 3-503, which "necessarily constitutes a violation also of § 3-502 or § 3-505."

*e.g,* 29 U.S.C. § 203(m) (an employer may not take a tip credit for an employee unless the employee qualifies as a tipped employee, is properly informed, and all tips received by the employee have been retained by the employee, except for a valid tip pool); 29 C.F.R. § 531.52 ("[t]ips are the property of the employee . . . ."); DOL Fact Sheet # 15 ("[w]here a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed all tips he or she contributed to the pool and the full $7.25 minimum wage."); Wage and Hour Field Operations Handbook, § 30d01(b) & (b)(1) ("[w]here an employer does not strictly observe the provisions of Sec 3(m), no tip credit may be claimed and the employees are entitled to receive the full cash [minimum wage], in addition to any tips they may have received . . . . "); *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977) ("tips belong to the employee to whom they are left."); *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397 (1942) ("where tipping is customary, the tips – in the absence of an 'explicit contrary understanding' – belong to the recipient."); MD. CODE ANN., LAB. & EMPL. § 3-419 (an employer may not take a tip credit for an employee unless the employee qualifies as a tipped employee, is properly informed, and all tips received by the employee have been retained by the employee, except for a valid tip pool).

Under Maryland law, tips are wages. *Shanks v. Lowe*, 364 Md. 538, 546, 774 A.2d 411, 415 (2001). In holding that tips are wages under Maryland garnishment laws, the Court of Appeals in *Shanks* noted that, under state minimum wage laws, tips are wages; under Maryland's unemployment compensation and workers' compensation laws, tips are wages; tips are included as "gross income" under federal and state tax laws; and the referenced "statutes illustrate a consistent view by the General Assembly that, in using terms such as 'wage' or 'wages,' it intended to include all forms of remuneration, whether or not paid directly by the employer,

4

except to the extent explicitly excluded." *Id.* at 416.  *See Shanks v. Lowe,* 364 Md. 538, 548, 774 A.2d 411, 417 (2001) (restaurant patrons and servers regard tips as a remuneration for the service performed).

As stated above, tips are the property of the employee and, absent a valid tip pool, the employee must be permitted to retain all tips.  Thus, where, as Plaintiff alleges, a restaurant operates an illegal tip pool and has improperly retained tips of its employees, those tips represent compensation due to the employee, *i.e.* a "wage" under the MWPCL.  As *Marshall* clearly holds, the failure to pay a wage when due is a violation of MWCPL.  Accordingly, Plaintiff properly seeks through his Count III the tips he was illegally required to contribute to Defendants' tip pool, which are subject to treble damages under the MWPCL.[3]

### C.     PLAINTIFF'S COUNT IX FOR UNJUST ENRICHMENT IS NOT PREEMPTED BY THE FLSA.

Plaintiff continues to assert that his unjust enrichment claim, which seeks to have the Defendants disgorge the benefit of the tips they illicitly received through the operation of an illegal tip pool, is not preempted by the FLSA for all of the reasons previously stated in his Opposition to Defendants' Motion to Dismiss (ECF Doc. 46); his Surreply regarding same (ECF Doc. 65-3); and Yanek's Surreply (ECF Doc. 19-2).  In short, the claim does not depend on the FLSA for its existence, it is not duplicative of Plaintiff's FLSA claims, and it requires different elements and proof than Plaintiff's FLSA claim.  Further, this Court has ruled that Plaintiff is not entitled to his tips under the FLSA.  Accordingly, for all the reasons previously submitted the claim should not be preempted.

---

[3] To hold otherwise would be inferring that the Maryland General Assembly intended that the employer unlawfully withholding tips from its employees could retain the benefit of its unlawful conduct, a result that *Marshall* militates against.

Further, however, as this Court noted in its April 11 Order, where a claim does not rely exclusively on the FLSA, but relies also on the MWHL, it is not preempted.  (ECF Doc. 147, n.3.).[4]  To prove unjust enrichment, Plaintiff must show that he conferred a benefit upon Defendants, that Defendants had knowledge of the benefit, and that Defendants retained the benefit under "such circumstances as to make it inequitable for the [Defendants] to retain the benefit without payment of its value."  *Kline, Inc. v. Signet Bank/Maryland*, 120 Md. 727, 731-32, (1973).  In this case, if the case were brought in state court pursuant to MD. CODE ANN., LAB. & EMPL. § 3-419 (an employer may not take a tip credit for an employee unless the employee qualifies as a tipped employee, is properly informed, and all tips received by the employee have been retained by the employee, except for a valid tip pool), Plaintiff could pursue his unjust enrichment claim for having been forced to confer the benefit of a portion of his tips on Defendants.  Such common law actions can and often are supplemented by the MWPCL (*i.e.*, the wages owed through the common law cause of action can be sought also through the MWPCL, which provides for treble damages).  *Battaglia v. Clinical Perfusionists, Inc.*, 338 Md. 352, 359, 658 A.2d 680, 683 (1995) (the MWPCL adds additional incentives to common law action such as quantum meruit or breach of contract); *McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 472 (D. Md. 2004) (same).  Thus, like the MWPCL claim in Count III, Plaintiff's unjust enrichment claim should not be held to be preempted by the FLSA.

---

[4] *See Friolo v. Frankel*, 373 Md. 501, 513, 819 A.2d 354, 361 (2003) (the MWHL is the state parallel to the FLSA).

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court reinstate his Counts VI and IX and clarify that Plaintiff's Count III properly seeks the tips he contributed to Defendants' tip pool, which were unlawfully deducted from his wages.

Respectfully submitted,

_____/s/_____

Francis R. Laws (Bar. No. 02596)
flaws@tandllaw.com
Julia A. Carolan (Bar No. 28461)
jcarolan@tandllaw.com
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202-1053
Phone: (410) 752-2468
Fax:    (410) 752-0979

*Attorneys for Plaintiff*

### <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was filed electronically this 25th day of April 2014.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____/s/_____

Francis R. Laws