FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2014 JUN 17  A 11: 39

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

|  |  |  |
|---|---|---|
| **JEFFREY B. MOULD** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.  JKB-13-1305** |
| **NJG FOOD SERVICE INC.,** *et al.* | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Jeffrey B. Mould ("Plaintiff") brought his suit against NJG Food Service, Inc. ("NJG"),

OC Crabbag, LLC ("Crabbag"), Nolen J. Graves, and Albert Levy (collectively "Defendants")

for violations of the Fair Labor Standards Act of 1928 ("FLSA"), 19 U.S.C. §§ 201 *et seq.*, the

Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Employment §§ 3-401 *et*

*seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann. Labor &

Employment §§ 3-503 *et seq.*, the Internal Revenue Code ("IRC"), 29 U.S.C. § 7434, as well as

for the common law torts of conversion and unjust enrichment.  Now before the Court is

Plaintiff's motion for partial reconsideration and/or clarification (ECF No. 150).  The issues have

been briefed and no hearing is required.  Local Rule 105.6.

For the reasons set forth below, Plaintiff's motion for partial reconsideration and/or

clarification (ECF No. 150) will be DENIED.

## I.    BACKGROUND[1]

---

[1] The facts recited here are as alleged by the Plaintiffs, this being a ruling on a motion for the Court to reconsider its ruling regarding Defendants' motion to dismiss (ECF No. 35). *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Plaintiff worked as a server at the Crab Bag restaurant from February 13, 2011 until his employment was terminated on June 23, 2013. (ECF No. 33, Am. Compl. ¶¶ 3, 12.)  In that capacity he was paid an hourly wage of $3.63 and an overtime hourly rate of $7.26 during the relevant period. (*Id.* ¶¶ 12, 15.)  During this period, Defendants utilized a tip credit to satisfy minimum wage requirements under the FLSA and the MWHL. (*Id.* ¶¶ 13-14.)  In addition, Defendants instituted a tip pooling arrangement. (*Id.*)  Plaintiff alleges that both the tip pooling arrangement and the use of a tip credit violated the FLSA and the MWHL. (*Id.* ¶ 14.)

In support of this claim, Plaintiff alleges that Defendants failed to give him notice about any tip credit they were utilizing to meet minimum wage requirements. (*Id.*)  He further alleges that he was coerced by Defendants into participating in a tip pooling arrangement, whose terms violated the FLSA and the MWHL. (*Id.*)  Specifically, from approximately December 2011 until June 2013, Defendants required servers to contribute either 2.5% of net sales for the shift ("A.M. percentage") or 5% of net sales for the shift ("P.M. percentage") to the tip pool. (*Id.*)  Included in this calculation were non-food sales (e.g., sales of The Crab Bag t-shirts), unpaid tabs and compensated meals (e.g., meals eaten by Defendants or other employees of the Crab Bag and meals that customers refused to pay for), and mandatory service charges. (*Id.*)  Servers were required to place an envelope containing their required contribution to the tip pool in the tip-out safe at the end of each shift. (*Id.*)  This policy applied to any shift in which a busboy or foodrunner was present, irrespective of the number of such employees present or the amount of time such employees spent on the shift. (*Id.*)  The money that servers contributed to the tip pool was then "distributed to various employees beyond just the busboys and foodrunners . . . including . . . line cooks, steamers, employees at the raw bar, carryout cashiers, carryout cooks, an prep cooks, and, upon information and belief, members of management." (*Id.*)  Plaintiff

further alleges that both the amounts he was required to contribute to the tip pool and the amounts distributed to other employees "changed at the direction and whim of Defendants." (*Id.*) In particular, "Defendants continually attempted to exert their influence and coercion to keep the exact nature and application of the tip pool secret and have repeatedly disciplined employees, up to termination of employees, for questioning the validity of the tip pool and tip credit." (*Id.*)

Plaintiff also alleges that Defendants terminated his employment in retaliation against him for complaining about their pay practices. (*Id.* ¶ 71.) Specifically, after he filed his initial complaint in the present case (ECF No. 1), on June 14, 2013, he informed other servers about this lawsuit and their rights under the FLSA, the MWHL, and other statutes. (Am. Compl., ¶ 18.) On June 23, Defendant Levy informed him that there had been complaints against him and that, as a result, he was suspended indefinitely. (*Id.*) Mould was then escorted off the premises and informed that he was no longer permitted on The Crab Bag property. (*Id.*) On June 27, he was advised that his employment was terminated. (*Id.*) During his tenure at the Crab Bag, he was never disciplined and never received any write-up regarding disciplinary action. (*Id.*)

In support of his claim under the Internal Revenue Code, Plaintiff alleges that, as of December 2011, Defendants instructed him and other servers not to report any tips (i.e., to enter the amount of $0) into the DIGITAL DINING system used by Defendants to keep track of the hours worked by servers. (*Id.* ¶¶ 52-53.) He further alleges that as a result of this policy, Defendants willfully over-reported the tips he earned on his 2012 W-2 by $10,000. (*Id.*)

Plaintiff filed his original complaint with this Court on May 1, 2013. (ECF No. 1.) On September 4, with leave from the Court, Plaintiff filed an amended complaint. (Am. Compl.) On September 5, Defendants filed a motion to dismiss. (ECF No. 35.) Ruling on Defendants' motion to dismiss, the Court dismissed Counts III, V, VI, VIII, and IX of the Amended

Complaint. (ECF No. 90.) However, as a result of an intervening ruling by the Maryland Court of Appeals, *Marshall v. Safeway, Inc.*, 88 A.3d 735 (Md. 2014), the Court reconsidered its prior order and reinstated Count III (Counts V, VI, VIII, and IX remained dismissed). (ECF no. 148.) Now pending before the Court is Plaintiff's motion for partial reconsideration and/or clarification. (ECF No. 150.)

Although not directly relevant to the resolution of the present motion, the Court notes that the present case was consolidated with *Yanek v. NJG Food Services*, 1:13-cv-2183-JKB, from November 12, 2013 (ECF No. 74, consolidation order) to May 2, 2014 (ECF No. 154, severance order). The cases are now severed and are no longer consolidated.

## II.   ANALYSIS

In his motion for reconsideration and/or clarification (ECF No. 150), Plaintiff moves for the Court to (1) reinstate Count VI of the Amended Complaint (Am. Compl.); (2) clarify that whether the tips withheld by Defendant constitute part of the damages to which Plaintiff is entitled under Count III; and (3) reinstate Count IX. The Court addresses these issues in turn.

### a.   Count VI (MWPCL overtime claim)

As the Court explained in its April 11, 2014 memorandum, Count VI is properly dismissed, even in light of *Marshall v. Safeway, Inc.*, 88 A.3d 735 (Md. 2014).

The *Marshall* opinion stands for the proposition that where an employer fails to pay an employee his full wages, the MWPCL provides the employee with a private right of action to collect unpaid wages. Md. Code, Labor & Employment §§ 3-503, 3-507.2; *Marshall*, 88 A.3d at 743-46. Prior to the *Marshall* ruling, this Court understood the MWPCL to grant employees a private right to contest the *timing* of their paychecks but not the *amount* of their paychecks. *Haslup v. Johns Hopkins Hosp.*, No. JKB-11-1411, 2011 WL 3648356 at *3 (D. Md. Aug. 8,

4

2011); *McLaughlin v. Murphy*, 372 F.Supp.2d 465 (D. Md. 2004); *Williams v. Maryland Office Relocators, LLC*, 485 F.Supp.2d 616 (D. Md. 2007); *Tucker v. System Specialist Furniture Installation, Inc.*, No. JFM–07–1357, 2007 WL 2815985 (D. Md. Sept. 26, 2007); *Fisher v. Rite Aid Corporation*, No. RDB–09–1909, 2010 WL 2332101 (D. Md. June 8, 2010); *see also Marshall v. Safeway*, 63 A.3d 672, 685 (Md. App. 2013), *rev'd*, 88 A.3d 735 (Md. 2014) ("Thus, by its plain language, section 3-502 addresses only *the timing* of paydays.")  However, as the Court of Appeals made clear in *Marshall*, in fact, the MWPCL grants employees a private right of action where an employer fails to pay wages lawfully due.  88 A.3d at 743-46.

Nonetheless, Count VI was properly dismissed.  In Count VI, Plaintiff's claim is that Defendant failed to pay him "one and one-half times (1.5x) his regular rate of pay for all hours worked in excess of forty in a workweek, in violation of the FLSA and MWHL."  (Am. Compl. ¶ 49.)  As the Court has already explained, although the MWHL has an overtime provision, Md. Code, Labor & Employment §§ 3-415, 3-420, restaurants are expressly exempted from it.  § 3-415(b)(3) ("This section does not apply to an employer that is . . . an establishment that is a restaurant.")  Therefore, the sole basis for Plaintiff's claim that Defendant failed to pay him overtime is the FLSA, 29 U.S.C. § 207.  Where, as here, the basis of an action is the violation of an FLSA mandate, the remedies provided by the FLSA are the exclusive remedies available. *Anderson v. Sara Lee*, Corp., 508 F.3d 181, 195 (4th Cir. 2007) (citing *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437 (4th Cir. 1999); *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 671 (D. Md. 2011) ("[S]tates cannot enlarge the available remedy for FLSA violations.")  Thus, Plaintiff's MWPCL claim for overtime wages is preempted by the FLSA and therefore was properly dismissed.

**b.  Measure of damages under Count III**

In Count III, Plaintiff alleges that Defendants violated § 3-503 of the MWPCL by making unlawful deductions from Plaintiff's wages. Md. Code, Labor & Employment § 3-415; (Am. Compl. ¶ 33.) Specifically, Plaintiff alleges that:

> Specifically, through the improper tip pooling and tip credit arrangements, Defendants deliberately and unlawfully diverted significant portions of Plaintiff's tips to Defendants' own benefits and the benefits of others; forced Plaintiff to contribute wages to the tip pool that were improperly included; and unlawfully utilized a tip credit as an excuse to pay Plaintiff less than the Federal and Maryland Minimum Wage.

(Am. Compl. ¶ 34.) Plaintiff suggests that should he ultimately prevail on Count III, damages would include the tips he contributed to the tip pool as unlawfully deducted wages. (ECF No. 150 at 3-5.) The Court disagrees. Should Plaintiff prevail, his damages will be based on the difference between the minimum wage required by federal and state law and the wage paid by the employer. It will not, however, include recovery of amounts contributed to the tip pool because, as the Court has explained, "neither the FLSA nor the MWHL provide for such a remedy." (ECF No. 90 at 28.)

The MWPCL, as interpreted by the *Marshall* Court, grants employees a private right of action where an employer fails to pay wages lawfully due. 88 A.3d at 743-46; Md. Code, Labor & Employment § 3-503 ("An employer may not make a deduction from the wage of an employee . . . .") However, here, the Court must look beyond the MWPCL to determine whether Defendants made such an unlawful deduction.

As the Court has already explained, nothing in the law prohibits an employer and an employee from entering into a contract "in which the employee agrees to turn over tips to the employer." *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397-98 (1942); *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 582 (9th Cir. 2010); (ECF No. 90 at 12.) And, although Plaintiff alleges that he was coerced into contributing his tips to the tip pool (Am. Compl. ¶¶ 14,

64), Plaintiff has failed to plead sufficient facts to allow the Court to draw a reasonable inference that his participation in the tip pool was involuntary. (ECF No. 90 at 12-14.) Rather, "what emerges from Plaintiff['s] complaint is that Defendants had a policy under which, as a condition of employment, servers were required to contribute part of their compensation to a tip pool." (*Id.* at 13-14.)

Paying an employee less than minimum wage, in violation of the FLSA and MWHL, however, constitutes such an unlawful deduction. *Marshall*, 88 A.3d at 743-46; Md. Code, Labor & Employment § 3-503. When this occurs, both statutes provide that the basis for damages is the difference between the wages paid and the applicable minimum wage. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee . . . affected in the amount of their *unpaid minimum wages . . . and in an additional equal amount as liquidated damages.*") (emphasis added); Md. Code Ann., Labor & Employment § 3-427(a) ("if an employer pays an employee less than the wage required under this subtitle, the employee may bring an action against the employer to recover *the difference between the wage paid to the employee and the wage required* under this subtitle.") (emphasis added).

In calculating whether an employee is being paid minimum wage, both the FLSA and the MWHL allow employers of "tipped employees" to include such employees' tips as part of their wages. 29 U.S.C. § 203(m); Md. Code Ann., Labor & Employment §3-419; *Cumbie*, 596 F.3d at 579; *Shanks v. Lowe*, 774 A.2d 411, 415 (Md. 2001). However, where an employer requires his employees to participate in a tip pooling arrangement, the employer may only take this "tip credit" if certain conditions are met. Specifically, under the FLSA, an employer who requires his employees to pool tips may only take a tip credit if the tip pool is limited to "customarily tipped

employees." 29 U.S.C. § 203(m)(2); *Cumbie*, 596 F.3d at 580. The MWHL itself does not explicitly place any restrictions on tip pooling arrangements. Md. Code Ann., Labor & Employment §3-419(a)(2) ("[T]his section does not prohibit the pooling of tips.") However, "in light of the congruent nature of the FLSA and the MWHL," this Court has previously read the FLSA tip pooling requirements into the MWHL. *Gionfriddo v. Jason Zink, LLC*, 769 F.Supp.2d 880, 895 (D. Md. 2011) (quoting *Newell v. Runnels*, 967 A.2d 729, 771 (Md. 2009)). Therefore, where an employer implements a tip pooling arrangement that fails to meet the conditions set forth in the FLSA—as Plaintiff has alleged Defendant did here—the employer may not include tips in employees' wages for purposes of compliance with minimum wage requirements.

Plaintiff would have the Court go further and find that "with the exception of a valid tip pool or tip sharing arrangement, tips are the property of the employee and must be retained by the employee." (ECF No. 150 at 3-4 (citing 29 U.S.C. § 203(m); Md. Code Ann., Labor & Employment §3-419) (emphasis in original)). Stated differently, Plaintiff argues that where an employer falls awry of the conditions set forth for tip pooling arrangements in section 203(m) of the FLSA, the entire tip-redistribution agreement is invalid.

The Court finds that Plaintiff's contention is unsupported by the text of the statute. The FLSA's regulation of tip-pooling arrangements only pertains to "determining the wage an employer is required to pay to a tipped employee." 29 U.S.C. § 203(m). Where a tip-pooling arrangement complies with the requirements of § 203(m), the employer may claim a tip credit. However, where a tip-pooling agreement does not satisfy those requirements, employees' wages (excluding tips) must be at least minimum wage. *Id.* Indeed, as the Ninth Circuit explained in *Cumbie*, "the plain text of [section 203(m)] . . . imposes *conditions* on taking a tip credit and does not state freestanding *requirements* pertaining to all tipped employees." 596 F.2d at 581.

To reiterate, the text of section 203(m) is unambiguous. Where an employer wishes to use a tip pooling arrangement and use a tip credit to meet minimum wage requirements, the tip pooling arrangement must meet certain conditions. Where the tip pooling arrangement fails to meet those conditions, the only consequence under the FLSA and MWHL is that the employer may no longer claim a tip credit in calculating employees' wages.

Plaintiff cites to *Shanks v. Lowe*, 774 A.2d 411, 415 (Md. 2001) for the conclusion that under Maryland law "tips are wages" and therefore that "absent a valid tip pool, the employee must be permitted to retain all tips." (ECF No. 150 at 4-5.) However, the Court disagrees with Plaintiff's reading of *Shanks*. The issue before the Court in *Shanks*, was whether tips constitute wages "for purposes of the Maryland wage garnishment law, Maryland Code, §§ 15-601 through 15-607 of the Commercial Law Article." 774 A.3d at 412. In resolving that issue of statutory construction, the court compared the wage garnishment law to the MWHL. *Id.* 415-16. In so doing, the court merely noted that an employer "*may* include" tips as part of an employee's wages for purposes of establishing that the compensation paid complies with minimum wage requirements. *Id.* (emphasis added).

Plaintiff also cites to a Department of Labor regulation interpreting 29 U.S.C. § 203. 29 C.F.R. § 531.52. The regulation provides that "[t]he employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section [20]3(m): As a credit against its minimum wage obligation to the employee, or in furtherance of a valid tip pool." *Id.* While the regulation does support Plaintiff's argument that an employee must be permitted to retain all tips where an employer's tip pooling agreement fails to comply with the requirements of 29 U.S.C. § 203(m)[2], the Court joins sister

---

[2] Indeed, the Department of Labor has explained that an employer makes "improper deductions from the cash wage paid when it require[s] its employees to contribute their tips to an invalid tip pool, and that this improper deduction

courts in finding that the regulation is incompatible with the plain text of the statute and is therefore *ultra vires*. *Oregon Restaurant and Lodging v. Solis*, 984 F.Supp.2d 1217 (D. Or. 2013; *Trinidad v. Pret a Manger (USA) Ltd.*, 962 F.Supp.2d 545 (S.D.N.Y. 2013).

In particular, the Court joins the *Oregon Restaurant and Lodging* court's conclusion that "'[i]f Congress wanted to articulate a general principle that tips are the property of the employee absent a 'valid' tip pool, it could have done so without reference to the 'tip credit.' This assumption is reinforced by the fact that when Congress enacted the 1974 amendments, it understood that the Supreme Court had already held that private agreements between employers and employees with regard to the allocation of tips were lawful." *Id.* (quoting *Cumbie*, 596 F.3d at 581 and citing *Jacksonville Terminal*, 315 U.S. at 397).

Of course, the Court recognizes that *Oregon Restaurant and Lodging* and *Trinidad* are both cases in which the employer chose not to take a tip credit and paid employees a wage greater than the federal minimum wage. However, fundamentally those cases, like this one address the same issue: whether the FLSA regulates tip-pooling arrangements generally or only within the context of ensuring that employees are paid the applicable minimum wage. Because this Court, like the courts in *Oregon Restaurant and Lodging* and *Trinidad*, finds that the FLSA does not regulate tip-pooling arrangements outside of the minimum wage context, it finds that an employee who agrees to participate in a tip pooling arrangement that fails to meet the conditions set forth in section 203(m) is not entitled to recover his tips in damages. Rather, the appropriate measure of damages is the difference between the wages paid and the applicable minimum wage. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of

---

result[s] in a minimum wage violation because the tipped employees d[o] not receive the full minimum wage plus all tips received." *Updating Regulations Issued Under the Fair Labor Standards Act*, 76 FR 18832-01 at 18841 (2011).

this title shall be liable to the employee . . . affected in the amount of their *unpaid minimum wages* . . . and in an additional equal amount as liquidated damages.") (emphasis added).

Therefore, if Plaintiff prevails on his MWPCL claim in Count III, it will be on the basis that (1) Defendants' tip pooling arrangement did not satisfy the requirements of the FLSA and MWHL; (2) Defendants, therefore, could not take a tip credit in calculating Plaintiff's wages; (3) as a result, Plaintiff's wage of $3.63 an hour (Am. Compl. ¶ 12) was below minimum wage; and (4) thus Defendants made an unlawful deduction from Plaintiff's lawful wages. The Court therefore finds that the basis for the measure of damages, would be the difference between the wages paid and the applicable minimum wage.[3]

### III.   Preemption of Plaintiff's unjust enrichment claim

Plaintiff argues that his claim of unjust enrichment in Count IX (Am. Compl.) is not preempted by the FLSA. Having considered Plaintiff's arguments, the Court reiterates its holding that Plaintiff's common law claim is preempted by the FLSA. *Quickley v. Univ. of Maryland Med. Sys. Corp.*, Civ. No. CCB-12-321, 2012 WL 4069757 at *7 (D. Md. Sept. 14, 2012) (citing *Bouthner v. Cleveland Constr. Inc.*, Civ. No. RDB–11–244, 2011 WL 2976868, at *7 (D.Md. July 21, 2011)) ("The FLSA's savings clause allows states and municipalities to enact wage and hour legislation that is more favorable than the FLSA's protections, 29 U.S.C. § 218(a), but the federal statute nonetheless preempts common law claims for rights protected by the FLSA."); *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) ("While the FLSA's savings clause allows states and municipalities to enact wage and hour

---

[3] The Court reiterates that even if Plaintiff prevails on Count III and the related MWHL and FLSA counts (Counts I and II), he will only be able to recover once for damages resulting from Defendants' failure to pay wages as required by law. *See* (ECF No. 89 at 28), *Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733 at *5 (D. Md. Nov. 5, 2012) (citing *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333 (1980); *United States v. Rachel*, 289 F. Supp. 2d 688, 697 (D. Md. 2003)), *Friolo v. Frankel*, 819 A.2d 354 (Md. 2003).

legislation that is more favorable to workers than the FLSA, the federal statute preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay).")

However, even if the claim were not preempted by the FLSA, it should nonetheless be dismissed because Plaintiff has failed to state a cause of action. As the Court explained in its December 4th memorandum:

> A claim for unjust enrichment, also referred to as *quantum meruit*, has three elements. *Hill v. Cross Country Settlements, LLC,* 936 A.2d 343, 352 (Md. 2007). A plaintiff must show: (1) a benefit conferred upon the defendant by the plaintiff; (2) the defendant appreciated or knew about the benefit; and (3) the defendant accepted the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. *Id.*; *Quickley v. Univ of Maryland Med. Sys. Corp.*, CCB-12-321, 2012 WL 4069757 (D. Md. Sept. 14, 2012).
> . . .
> However, what emerges from Plaintiff[']s] complaint[] is that Defendants had a policy under which[,] as a condition of employment, servers were required to contribute part of their compensation to a tip pool. While this policy may violate the FLSA, . . . it is not . . . coercive.

ECF No. 89 at 13-14.

Indeed, Plaintiff has pleaded that "[u]pon hiring, Defendants did not provide Mr. Mould and other employees with the required notice regarding the tip pool, including the required tip pool contribution amount and the specifics of the distribution amongst staff." (Am. Compl. ¶ 14(b).) While such allegations may give rise to the inference that Defendants' tip pooling agreement fell short of the FLSA's requirements, they do not give rise to the inference that Defendants "accepted [a] benefit under such circumstances as to make it inequitable for [D]efendant[s] to retain the benefit without payment of its value." *Hill* 936 A.2d at 352. Therefore Count IX of the Amended Complaint is properly dismissed.

## IV.    CONCLUSION

Accordingly, it is ORDERED that Plaintiff's motion for partial reconsideration and/or clarification (ECF No. 150) is DENIED.

Dated this *17* day of June, 2014.

BY THE COURT:

James K. Bredar
United States District Judge