**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **JEFFREY B. MOULD** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-1305 |
| **NJG FOOD SERVICE INC.,** *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This memorandum and order regards Defendants' January 2, 2014 motion to seal (ECF No. 103), Plaintiff's February 12, 2014 motion to seal (ECF No. 122), and Defendants' filing of sealed documents without a corresponding motion to seal (ECF No. 138).

### I. DEFENDANTS' MOTION TO SEAL (ECF NO. 103)

Defendants, in their motion (ECF No. 103), seek to seal the following three documents:

a. Exhibit 16 to Defendants' memorandum in support of Defendants' motion for partial summary judgment (ECF No. 104);

b. Exhibit 27 to Defendants' memorandum in support of Defendants' motion for partial summary judgment (ECF No. 104); and

c. Exhibit 28 to Defendants' memorandum in support of Defendants' motion for partial summary judgment (ECF No. 104).

However, Defendants have failed to file these proposed sealed exhibits on the docket. The Court cannot rule on Defendants' motion (ECF No. 103) until the proposed sealed exhibits are filed on the docket. Therefore, Defendants are ORDERED to file the proposed sealed

exhibits on the docket through the CM/ECF system by June 25, 2014. These proposed sealed documents, once filed, will be kept under seal pending the Court's ruling on Defendants' motion.

**II.     PLAINTIFF'S MOTION TO SEAL (ECF No. 122)**

The Court now turns to Plaintiff's unopposed motion to seal (ECF No. 122). In this motion, Plaintiff seeks to seal two documents:

a. Exhibit 16 to Plaintiff's cross motion for partial summary judgment and opposition to Defendants' cross motion for partial summary judgment (ECF No. 120); and

b. Exhibit 19 to Plaintiff's cross motion for partial summary judgment and opposition to Defendants' cross motion for partial summary judgment (ECF No. 120).

These two proposed sealed documents have been filed on the docket. (ECF Nos. 123, 123-1.) The first document (ECF No. 123) consists of Defendants' payroll records, and the second document (ECF No. 123-1) consists of a payroll record regarding Charles Sheubrooks.

In considering Plaintiff's motion, the Court notes that there is a "presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). In the Fourth Circuit, "a First Amendment right of access attaches to documents filed in connection with a summary judgment motion" in civil cases. *ACLU v. Holder*, 652 F. Supp. 2d 654, 661 (E.D.V.A. 2009) (citing *Rushford*, 846 F.2d at 253). However, "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." *Rushford*, 846 F.2d at 253. Under the First Amendment, a "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* (citing multiple cases). The party seeking to prevent access to judicial documents filed in connection

with a summary judgment motion has the burden of establishing "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Id.*

In determining whether the materials at issue should be sealed, the Court must follow the following procedure:  (1) give the public adequate notice that the sealing of documents may be ordered; (2) provide interested persons an opportunity to object to the requests before the Court makes its decision; (3) if the Court decides to seal documents, it must state its reasons on the record, supported by specific findings; and (4) state its reasons for rejecting less restrictive alternatives.  *Rushford*, 846 F.2d at 253-54 (citing *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984)).

In order to satisfy the first requirement, the Court must "give the public adequate notice that the . . . sealing of documents may be ordered," and the motion must be docketed reasonably in advance of its disposition "so as to give the public and press an opportunity to intervene and present their objections to the court." *In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986).  As required by Local Rule 105.11, the Court has allowed more than fourteen days to elapse after the motions were entered on the public docket to permit the filing of objections by interested parties.  Therefore, the Court has given the public adequate notice that it may order the sealing of the documents at issue.

The Court has also satisfied the second requirement.  The Court has given the parties time to submit responses to the various motions.  No members of the public or press intervened or otherwise indicated opposition to the motions, but the Court would have allowed any such parties to present arguments in opposition.

The Court has also satisfied the third and fourth requirements. It has reviewed Plaintiff's submissions and finds that the reasons Plaintiff has advanced for sealing the documents at issue

and rejecting less restrictive means of protecting the information therein are sufficient. In particular, Plaintiff has offered that these documents contain confidential information, publication of which would harm the privacy interests of third-party employees, Plaintiff, and Defendants. *See Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (holding that "protecting the privacy rights of trial participants" is an interest "sufficiently compelling to justify closure under the First Amendment" and that a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records"); (ECF no. 122 ¶¶ 2-3.) Further, sealing these documents is the least restrictive means of protecting the information contained therein.

Therefore, it is ORDERED that Plaintiff's motion to seal (ECF No. 122) is GRANTED.

### III.  DOCUMENTS FILED UNDER SEAL WITHOUT A CORRESPONDING MOTION TO SEAL (ECF NO. 138)

Defendants have filed a number of documents under seal without filing a corresponding motion to seal. (ECF No. 138). Pursuant to Local Rule 105.11, Defendants must file a motion requesting permission to file under seal the proposed sealed documents (ECF No. 138). Defendants SHALL FILE such a motion by June 25, 2014.

### IV.  CONCLUSION

In summary, for the reasons stated above, it is ORDERED that:

1. Defendants SHALL FILE the three proposed sealed exhibits that are the subject of their January 2, 2014 motion to seal (ECF No. 103) on the docket through the CM/ECF system by June 25, 2014.

2. Plaintiff's motion to seal (ECF No. 122) is GRANTED.

3. Defendants SHALL FILE a motion seeking permission to file under seal their proposed sealed documents (ECF No. 138) by June 25, 2014.

Dated this 18th day June, 2014.

                                                BY THE COURT:

                                                /s/  
                                            James K. Bredar  
                                            United States District Judge