IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2014 AUG -8 P 4: 13

CLERK'S OFFICE
AT BALTIMORE

BY_____

|  |  |  |
|---|---|---|
| JEFFREY B. MOULD | * |  |
| Plaintiff | * |  |
| v. | * | CIVIL NO.  JKB-13-1305 |
| NJG FOOD SERVICE INC., *et al.* | * |  |
| Defendants | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

This memorandum and order regards Defendants' January 2, 2014 motion to seal (ECF No. 103), as amended by Defendants' June 19, 2014 submission (ECF No. 165); Defendants' June 19, 2014 motion to seal (ECF No. 166); and Defendants' July 1, 2014 motion to seal (ECF No. 171).

Defendants, in these various motions, seek to seal several documents.  Through their January 2, 2014 motion (ECF No.103, as amended by ECF No. 165), Defendants seek to seal the following documents:

    a.  Exhibit 16 to Defendants' memorandum in support of Defendants' motion for partial summary judgment (ECF No. 104).  This document, which has been filed on the docket (ECF No. 165-1), is a W-2 tax form for Plaintiff Mould.

    b.  Exhibit 27 to Defendants' memorandum in support of Defendants' motion for partial summary judgment (ECF No. 104).  This document, which has been filed on the docket (ECF No. 165-2), is an excerpt from the personnel records of a Crab Bag employee who is not a party to this case.

c. Exhibit 28 to Defendants' memorandum in support of Defendants' motion for partial summary judgment (ECF No. 104). This document, which has been filed on the docket (ECF No. 165-2), is an excerpt from the personnel records of a Crab Bag employee who is not a party to this case.

Through their June 19, 2014 motion (ECF No. 166), Defendants seek to seal the following documents:

d. Exhibit 6 to Defendants' reply to Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 136). This document, which has been filed on the docket (ECF No. 138), is an excerpt from the personnel records of a Crab Bag employee who is not a party to this case.

e. Exhibit 7 to Defendants' reply to Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 137). This document, which has been filed on the docket (ECF No. 138-1), is an excerpt from the personnel records of a Crab Bag employee who is not a party to this case.

f. Exhibit 13 to Defendants' reply to Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 137). This document, which has been filed on the docket (ECF No. 138-2), is a 1040A tax form for Plaintiff Mould.

g. Exhibit 14 to Defendants' reply to Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 137). This document, which has been filed on the docket (ECF No. 138-3), is a 1040X tax form for Plaintiff Mould.

h. Exhibit 15 to Defendants' reply to Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 137). This document, which has been filed on the docket (ECF No. 138-4), is a letter from the IRS regarding Plaintiff Mould's tax account.

    i.  Exhibit 16 to Defendants' reply to Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 137).  This document, which has been filed on the docket (ECF No. 138-5), is a partially-redacted record of Plaintiff Mould's checking account transactions.

    j.  Exhibit 18 to Defendants' reply to Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 137).  This document, which has been filed on the docket (ECF No. 138-6), is a W-2 tax form for Ms. Taylor Schlette.

Through their July 1, 2014 motion (ECF No. 171), Defendants seek to seal the following document:

    k.  Exhibit 9 to Defendants' supplemental motion for summary judgment (ECF No. 169).  This document, which has been filed on the docket (ECF No. 170), is a partially-redacted record of Plaintiff Mould's checking account transactions.

In considering Plaintiff's motions, the Court notes that there is a "presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  In the Fourth Circuit, "a First Amendment right of access attaches to documents filed in connection with a summary judgment motion" in civil cases. *ACLU v. Holder*, 652 F. Supp. 2d 654, 661 (E.D.V.A. 2009) (citing *Rushford*, 846 F.2d at 253).  However, "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." *Rushford*, 846 F.2d at 253.  Under the First Amendment, a "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* (citing multiple cases).  The party seeking to prevent access to judicial documents filed in connection with a summary judgment motion has the burden of establishing "that the denial [of access]

serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Id.*

In determining whether the materials at issue should be sealed, the Court must follow the following procedure: (1) give the public adequate notice that the sealing of documents may be ordered; (2) provide interested persons an opportunity to object to the requests before the Court makes its decision; (3) if the Court decides to seal documents, it must state its reasons on the record, supported by specific findings; and (4) state its reasons for rejecting less restrictive alternatives. *Rushford*, 846 F.2d at 253-54 (citing *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984)).

In order to satisfy the first requirement, the Court must "give the public adequate notice that the . . . sealing of documents may be ordered," and the motion must be docketed reasonably in advance of its disposition "so as to give the public and press an opportunity to intervene and present their objections to the court." *In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986). As required by Local Rule 105.11, the Court has allowed more than fourteen days to elapse after the motions were entered on the public docket to permit the filing of objections by interested parties. Therefore, the Court has given the public adequate notice that it may order the sealing of the documents at issue.

The Court has also satisfied the second requirement. The Court has given the parties time to submit responses to the various motions. No members of the public or press intervened or otherwise indicated opposition to the motions, but the Court would have allowed any such parties to present arguments in opposition.

The Court has also satisfied the third and fourth requirements. It has reviewed Plaintiff's submissions and finds that the reasons Plaintiff has advanced for sealing the documents at issue and rejecting less restrictive means of protecting the information therein are sufficient. In

4

particular, Plaintiff has offered that these documents contain confidential information, publication of which would harm the privacy interests of third-party employees, Plaintiff, and Defendants. *See Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (holding that "protecting the privacy rights of trial participants" is an interest "sufficiently compelling to justify closure under the First Amendment" and that a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records"); (ECF no. 122 ¶¶ 2-3.) Further, sealing these documents is the least restrictive means of protecting the information contained therein.

Therefore, it is ORDERED that Defendants' January 2, 2014 motion to seal (ECF No. 103), as amended by Defendants' June 19, 2014 submission (ECF No. 165), is GRANTED; Defendants' June 19, 2014 motion to seal (ECF No. 166) is GRANTED; and Defendants' July 1, 2014 motion to seal (ECF No. 171) is GRANTED.

Dated this 8th day of August, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

5